Lawrence **SIMMONS,**
**Petitioner–Appellant,**

v.

Robert J. **CHRISTENSEN, Warden, et al., Respondent–Appellee.**

No. 88–5812.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 1989.*

Decided Jan. 18, 1990.

---

* The panel finds this case appropriate for submis-

Lawrence Simmons, Pro per, Lompoc, Cal., for petitioner-appellant.

Gary Lincenberg, Asst. U.S. Atty., Los Angeles, Cal., for respondent-appellee.

Before GOODWIN, Chief Judge, SCHROEDER and O'SCANNLAIN, Circuit Judges.

GOODWIN, Chief Judge:

Lawrence Simmons, a federal prisoner, appeals the dismissal of his 28 U.S.C. § 2241 habeas corpus petition. He contends that the Bureau of Prisons violated his constitutional rights by rejecting a United States Parole Commission's recommendation to reduce his sentence pursuant to 18 U.S.C. § 4205(g). No constitutional right was violated.

In December 1981, Simmons received a 25–year sentence for armed robbery. The following year, the Parole Commission recommended a presumptive parole date of 100 months with a condition of drug aftercare. On September 17, 1983, a Regional Parole Commissioner sent a memo to the prisoner's warden recommending that the Director of the Bureau of Prisons consider a motion under 18 U.S.C. § 4205(g) for reduction of Simmons' minimum sentence from 100 to 72 months. Simmons' unit manager did not recommend that Simmons be considered for a reduction in sentence pursuant to 18 U.S.C. § 4205(g), and instead recommended that he be continued to his presumptive parole date of October 9, 1989. The Warden subsequently agreed with the Unit Manager's assessment, and the Parole Commissioner's recommendation was rejected.

Simmons contends that the September 17, 1983 letter from the Regional Parole Commissioner was a binding order to reduce his sentence. He argues that the Bureau of Prisons retroactively applied Bureau of Prisons Program Statement 5050.-41 in order to circumvent the so-called order. These contentions are without merit.

 Section 4205(g)[1] does not establish an expectation of parole or even a right to

sion without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

1. 18 U.S.C. § 4205(g) provides:
   At any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served. The court shall have jurisdiction to act upon the application at any time and no hearing shall be required.

a motion for parole; nor does a constitutional right attach to the mere possibility of conditional liberty. *Turner v. United States Parole Commission*, 810 F.2d 612, 616 (7th Cir.1987) (citing *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11, 99 S.Ct. 2100, 2105, 60 L.Ed.2d 668 (1979)) (the simple possibility of parole, without more by the way of statutory entitlement, provided only a mere hope of conditional liberty, "a hope which is not protected by due process"). All section 4205(g) provides is the possibility of a motion to a court for a reduction in sentence. The September 17, 1983 letter then was nothing more than a recommendation.

Simmons next argues that Program Statement 5050.41 was retroactively applied because the Parole Commissioner's recommendation was made in September 1983 and Program Statement 5050.41 did not become effective until October 5, 1983. However, we agree with the government that the relevant date for purposes of this inquiry is October of 1986, when the Bureau of Prisons made its decision regarding early release for Simmons. Because that decision was made after the effective date of Program Statement 5050.41, no retroactivity problem is presented.

Finally, Simmons argues that the Bureau of Prisons abused its discretion in rejecting the Parole Commissioner's recommendation for a reduction in his sentence. We need not reach this issue because we agree with the holding of the 7th Circuit in *Turner*: the Parole and Reorganization Act precludes the federal courts from reviewing the Bureau of Prisons decisions whether to move a sentencing court for the reduction of a minimum term to time served under 18 U.S.C. § 4205(g). 810 F.2d at 615–18.

AFFIRMED.