979 F.2d 854
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul R. BAILLEAUX, Petitioner-Appellant,
v.
Richard H. RISON, Warden, Respondent-Appellee.
 Nos. 90-56077, 90-56190.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 12, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul R. Bailleaux, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition seeking reduction of his sentence for extortion and impersonating an FBI agent in violation of 18 U.S.C. §§ 912 and 1951 (No. 90-56077) and his sentence for conspiracy and extortion in violation of 18 U.S.C. § 1951 (No. 90-56190) below the statutory minimum pursuant to 18. U.S.C. § 4205(g). Bailleaux contends that the district court erred by dismissing his petition for failure to exhaust his administrative remedies and refusing to accept his medical condition as a reasonable exception to the exhaustion rule. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 We review de novo the district court's denial of a habeas petition. Mikes v. Borg, 947 F.2d 353, 356 (9th Cir.1991).
 
 
 4
 In his petition, Bailleaux argues that he has been denied equal protection and has been subjected to cruel and unusual punishment because the Warden has not asked the Bureau of Prisons to move for a reduction of sentence pursuant to 18 U.S.C. § 4205(g).[1] His contention lacks merit. Section 4205(g) does not establish a right to a motion for sentence reduction, and a constitutional right does not attach "to the mere possibility of conditional liberty." Simmons v. Christensen, 894 F.2d 1041, 1043 (9th Cir.1990). Furthermore, federal courts are precluded from reviewing "the Bureau of Prisons decisions whether to move a sentencing court for the reduction of a minimum term to time served under 18 U.S.C. § 4205(g)." Id.
 
 
 5
 Bailleaux has not made a formal request to the Bureau of Prisons asking that it move for a reduction of his sentence. Even if he had made such a request, however, the decision of the Bureau of Prisons would not be subject to review. See id. Accordingly, the district court properly dismissed Bailleaux's habeas petition.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 4205(g) states as follows:
 At any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served. The court shall have jurisdiction to act upon the application at any time and no hearing shall be required.
 18 U.S.C. § 4205(g).