IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-50309
_____

ELVIN BRAXTON TODD,

Petitioner-Appellant,

versus

FEDERAL BUREAU OF PRISONS; KATHLEEN HAWK SAWYER, Director, Federal
Bureau of Prisons; JOHN ASHCROFT, United States Attorney General;
TROY WILLIAMSON, Warden, Federal Correctional Institution La Tuna,

Respondents-Appellees.

_____

Appeal from the United States District Court
For the Western District of Texas
(EP-00-CV-125-H)

_____

January 11, 2002

Before KING, Chief Judge, and HIGGINBOTHAM and DAVIS, Circuit
Judges.

PER CURIAM:[*]

Appellant Elvin Braxton Todd appeals the denial of his
petition for a writ of habeas corpus challenging the refusal of the
Bureau of Prisons to file a motion to reduce his sentence. We
affirm.

I

Todd was convicted in Mexico of rape and possession of

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

marijuana, and subsequently transferred to the United States pursuant to the Treaty on the Execution of Penal Sentences between the United States and Mexico. Todd was sentenced in Mexico on February 12, 1993, and received a 19-year sentence on the rape conviction and a seven-year sentence for possession. He was transferred to the United States on December 5, 1995, after suffering severe abuse in Mexican prison. On May 29, 1996, the United States Parole Commission determined that Todd's foreign offenses were akin to knowingly engaging in a sexual act with another person under 12 years of age, in violation of 18 U.S.C. § 2241(c), and simple possession of a controlled substance, in violation of 21 U.S.C. § 844(a). The Commission then determined the guideline range to be 168-210 months of imprisonment, followed by three to five years of supervised release.

The Commission ordered Todd to serve a 156-month sentence, followed by five years of supervised release. The Commission noted that its determination represented a significant downward departure from the guideline range, and stated that this reduction was based upon Todd's age, health, and the abuse he suffered in Mexican prison. Todd is scheduled for release no later than September 23, 2005.

Todd filed a request for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A), requesting that the Bureau of Prisons move to reduce his sentence to time served due to Todd's advanced age, poor health, and the torture and rape he experienced while

imprisoned in Mexico. His request was denied by the warden, who noted that the exigent circumstances cited by Todd were taken into consideration by the Commission when it determined the length of his sentence. Todd appealed to the Regional Director of the Board of Prisons, who noted that a recommendation for compassionate release requires extraordinary circumstances that could not have been reasonably foreseen at the time of sentencing and concluded that the circumstances of Todd's case do not meet the criteria for favorable consideration of a compassionate release recommendation under 18 U.S.C. 3582(c)(1)(a). Todd then appealed to the Administrator of National Inmate Appeals, who also denied his request, finding that the warden and Regional Director correctly denied relief in conformance with Bureau policy and noting that the Bureau of Prisons has chosen to restrict the application of 18 U.S.C. 3582(c)(1)(a) to inmates suffering from a serious medical condition that is generally terminal, with a determinate life expectancy.

Todd then filed a *pro se* 28 U.S.C. § 2241 petition, arguing that the Bureau of Prisons' decision not to file a motion under 18 U.S.C. 3582(c)(1)(a) to reduce his sentence was arbitrary and capricious. Todd also challenged the constitutionality of his Mexican conviction and sentence. The district court denied his petition, and he appeals.

II

3

Todd argues that the Bureau of Prisons abused its discretion by not filing a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1(A) due to his advanced age, poor health, and abuse suffered while imprisoned in Mexico. Todd asserts that we have jurisdiction to hear his appeal under § 2241 as well as the Administrative Procedures Act.[1] The government argues that there is no judicial review available under the APA for Bureau of Prisons' decisions not to file § 3582(c)(1)(A) motions. Although we have never considered the question of whether the APA prohibits judicial review of decisions by the Bureau of Prisons not to file § 3582(c)(1)(A), the Seventh, Ninth, and Eleventh Circuits have concluded that the decision not to file a § 3582(c)(1)(A) motion is not reviewable.[2]

Although we must always be sure of our appellate jurisdiction,[3] as a prudential matter we decline to decide this question because Todd's claim fails even if we assume that we have jurisdiction to review his appeal. The APA requires us to hold unlawful and set aside any agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

---

[1] 5 U.S.C. §§ 702, 706(2)(A).

[2] *Fernandez v. United States*, 941 F.2d 1488 (11th Cir. 1991); *Simmons v. Christensen*, 894 F.2d 1041 (9th Cir. 1989); *Turner v. United States Parole Comm'n*, 810 F.2d 612 (7th Cir. 1987).

[3] *Lee v. Wetzel*, 244 F.3d 370, 374 (5th Cir. 2001).

4

with law.[4] Section 3582(c)(1)(A) itself gives the Bureau discretion to reduce the term of imprisonment if "extraordinary and compelling reasons warrant such a reduction."[5] The Bureau's regulation implementing the statute states that the Bureau uses 3582(c)(1)(A) "in particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing."[6] The warden, Regional Director, and Administrator of National Inmate Appeals specifically noted that the circumstances cited by Todd in support of his request for compassionate release were taken into account by the Commission when his sentence was determined. The Bureau's decision not to grant Todd's request was made in accordance with its regulations, and was not arbitrary or capricious.

In addition, Todd challenges his Mexican conviction and sentence were obtained in violation of his Constitutional rights. We are prohibited by statute from considering a collateral attack on Todd's foreign conviction.[7] His challenge fails.

AFFIRMED.

---

[4] 5 U.S.C. § 706(2)(A).

[5] *Id.*

[6] 28 C.F.R. § 571.60.

[7] 18 U.S.C. § 3244(1).