**Joseph MASSARO, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Docket No. 04–6340–PR.**

United States Court of Appeals, Second Circuit.

Sept. 30, 2005.

Herald Price Fahringer, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria LLP (Erica T. Dubno, on the brief), New York, N.Y., for Petitioner–Appellant.

Celeste L. Koeleveld, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York, New York, N.Y., for Respondent–Appellee.

Present: CALABRESI, KATZMANN and RAGGI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Petitioner–Appellant Joseph Massaro ("Massaro") appeals the district court's October 2004 denial of his habeas petition. Massaro was convicted, following a 1993 jury trial, of multiple acts of racketeering, including murder, extortion, and arson, and sentenced to life imprisonment. He brought the present habeas petition pursuant to 28 U.S.C. § 2255 in April 1997. The sole issue for which the district court granted a certificate of appealability is whether Massaro's trial counsel was constitutionally ineffective for refusing to accept the trial court's offer of a continuance

after the government introduced into evidence a bullet that potentially corroborated the account of its star witness, Patrick Esposito. We presume the parties' familiarity with the facts, the long procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

Under the familiar formulation, a defendant claiming ineffective assistance of counsel must satisfy a two-part test. Massaro must show "both that his counsel's performance was deficient as measured by objective professional standards, and that this deficiency prejudiced his defense." *Purdy v. United States,* 208 F.3d 41, 44 (2d Cir.2000) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). In applying the first prong of the *Strickland* standard, a reviewing court "must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound [legal] strategy.'" *United States v. Gaskin,* 364 F.3d 438, 468 (2d Cir.2004) (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052).

Massaro cannot overcome the strong presumption that his trial counsel's refusal to accept the district judge's offer of a continuance was reasonable trial strategy. Trial counsel both moved for a mistrial and argued that the bullet should be suppressed. He reasonably could have concluded that proceeding without a continuance would strengthen the argument on direct appeal that the government's late introduction of the bullet prejudiced Massaro irremediably, and therefore that the district court erred in not granting a mistrial. Although this argument did not ultimately prevail on appeal, we are unable to conclude that "there is no strategic or tactical justification for the course taken" by trial counsel. *United States v. Luciano,* 158 F.3d 655, 660 (2d Cir.1998) (per curiam).

Because Massaro cannot meet *Strickland's* first prong, we need not address whether he was prejudiced by counsel's actions.

We have considered all of Massaro's other claims and find them to be without merit. The decision of the district court is therefore AFFIRMED.