DLD-022                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2433
_____

JOSEPH MASSARO,
                              Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-17-cv-00180)
District Judge:  Honorable James M. Munley
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2) or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 26, 2017

Before:  JORDAN, SHWARTZ and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 2, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Joseph Massaro, a federal prisoner proceeding pro se, appeals from the District

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court's order dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because this appeal does not present a substantial question, we will summarily affirm. See Third Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

In October 1993, a jury sitting in the United States District Court for the Southern District of New York found Massaro guilty of several federal racketeering charges, including murder in aid of racketeering. The District Court sentenced him to a term of life imprisonment. Upon review, the United States Court of Appeals for the Second Circuit affirmed the conviction and sentence. United States v. Massaro, 57 F.3d 1063 (2d Cir. 1995) (table). Massaro later filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Southern District of New York, alleging that his trial counsel had provided ineffective assistance. The District Court denied relief and the Second Circuit affirmed.[1] Massaro v. United States, 152 F. App'x 20 (2d Cir. 2005) (not precedential). Massaro then sought leave to file a second or successive § 2255 motion, but the Second Circuit denied his request.

In January 2017, Massaro filed the current § 2241 habeas petition in the Middle District of Pennsylvania, where he is incarcerated. In his petition, Massaro claimed that the sentencing court had committed two errors, and argued that, in light of the Supreme

---

[1] The District Court initially denied Massaro's § 2255 motion on the ground that his ineffectiveness claim was procedurally defaulted, and the Second Circuit affirmed. The Supreme Court reversed, however, holding that Massaro could raise the claim via § 2255 even though he could have, but did not, raise it on direct appeal. Massaro v. United States, 538 U.S. 500, 504 (2003).

2

Court's decision in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), his mandatory life sentence for murder is now unlawful. The District Court screened the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases and concluded that Massaro's claims did not qualify for § 2255 "safety valve" relief via § 2241. Therefore, the District Court dismissed the petition for lack of jurisdiction. This appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See <u>Ruggiano v. Reish</u>, 307 F.3d 121, 126-27 (3d Cir. 2002).

A motion filed under § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner can seek relief under § 2241 only if the remedy provided by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); <u>see</u> <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We have applied this "safety valve" in the rare situation in which a prisoner has not had a prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. <u>Okereke</u>, 307 F.3d at 120. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255(h), <u>id.</u>, or

3

because the sentencing court has not granted relief, Cradle, 290 F.3d at 539; see also In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

The District Court correctly concluded that Massaro's claims do not fit within the narrow class for which a § 2255 motion would be inadequate or ineffective. Massaro raises two challenges to his sentence: first, that the sentencing court relied on a version of the United States Sentencing Guidelines that was not in effect when he committed his crimes; and second, that the sentencing court applied the Guideline provision for premeditated murder, U.S.S.G. § 2A1.1, when it should have relied on the provision for non-premeditated murder, § 2A1.2. These claims do not rely on an intervening change in the law that has rendered the conduct for which he was convicted non-criminal.

Massaro also invokes Alleyne v. United States in an effort to fit his sentencing claims within § 2255's "safety valve." In Alleyne, the Supreme Court held that any fact that increases the penalty for a crime beyond the mandatory minimum sentence must be submitted to the jury. 133 S. Ct. at 2155. Even assuming, arguendo, that Alleyne were relevant to Massaro's sentence, we have made clear that Alleyne-based claims cannot be raised in a § 2241 petition. Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102-03 (3d Cir. 2017) (holding that prisoners sentenced prior to Alleyne may not challenge their sentences under § 2241 because Alleyne did not render the crimes for which they were convicted non-criminal).[2]

---

[2] Massaro's argument that Alleyne should be applied retroactively to cases on collateral review in light of the Supreme Court's recent decisions in Montgomery v. Louisiana, 136

4

For these reasons, we conclude that this appeal presents no substantial question. Therefore, we will summarily affirm the District Court's judgment. <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.[3]

---

S. Ct. 718 (2016), and <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016), does not advance his case. As discussed above, § 2241 is not a proper vehicle for <u>Alleyne</u>-based claims. Moreover, <u>Alleyne</u> does not apply retroactively. <u>United States v. Winkelman</u>, 746 F.3d 134, 136 (3d Cir. 2014).

[3] In his § 2241 petition, Massaro also argued that the Bureau of Prisons had improperly denied him "compassionate early release." Under 18 U.S.C. § 3582(c)(1)(A)(ii), a term of imprisonment can be reduced for prisoners over the age of seventy who meet certain conditions, but only upon "motion of the Director of the Bureau of Prisons." Courts have generally held that the BOP's decision to file a motion under § 3582(c)(1)(A) or its predecessor is not judicially reviewable, as the statute vests the decision solely with the BOP. <u>See, e.g.</u>, <u>Fernandez v. United States</u>, 941 F.2d 1488 (11th Cir. 1991); <u>Simmons v. Christensen</u>, 894 F.2d 1041 (9th Cir. 1990); <u>Turner v. United States Parole Comm'n</u>, 810 F.2d 612 (7th Cir. 1987). In any event, the documentation that Massaro submitted in support of his petition does not show that the BOP ever made a motion under § 3582(c)(1)(A)(ii).