**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**James Dwight LEWIS, aka Wink, Defendant–Appellant.**

**No. 01–2622.**

United States Court of Appeals, Sixth Circuit.

July 30, 2003.

---

Before DAUGHTREY, ROGERS and NORRIS, Circuit Judges.

## OPINION

ROGERS, Circuit Judge.

James Dwight Lewis, Appellant, was convicted of conspiracy to distribute crack cocaine and powder cocaine, possession with intent to distribute crack cocaine, and being a felon in possession of a firearm, and he was sentenced to life in prison. The convictions were based on evidence seized during a search of a vehicle driven by Lewis and a search of a residence that he frequented. Lewis appeals several rulings of the district court: 1) the order denying Lewis's motion to suppress evidence seized from the vehicle he was driving, 2) the decision to permit the government to strike a potential African–American juror, and 3) that portion of the opinion and order denying a motion for judgment of acquittal. Lewis also challenges the constitutionality of 18 U.S.C. § 922(g) and 21 U.S.C. § 841(b). Finally, Lewis argues that he was denied a fair trial based on the court's alleged bias and the prosecutor's alleged misconduct. Because we find that the district court did not err and that Lewis's arguments have no merit, we AFFIRM the district court's judgment.

Todd Bowden, an Alcohol, Tobacco, and Firearms special agent, was investigating allegations that Lewis was involved in drug trafficking. Lewis allegedly sold crack from two houses, 2322 and 2326 Lawndale. A confidential informant informed Bowden that Lewis usually drove several vehicles, one of which was a black and white Chevy Blazer.

While Officers Tedford and Bade and Sergeant Green were surveilling the Lawndale residences, the Chevy Blazer drove away from the area. They followed the Blazer in three unmarked vehicles, without knowing for certain whether Lewis was driving the Blazer. At some point, Officer Tedford was able to see the driver of the vehicle and confirm that it was Lewis driving. Tedford testified that Lewis exceeded the speed limit by 25 miles per hour and ran stop signs as he tried to evade his pursuers. During the pursuit of Lewis, Tedford called the Blazer's plates in to Lieutenant Koryciak and discovered that the license plate was registered to a different person and a different vehicle.

Lewis eventually stopped the Blazer, exited the vehicle, and started walking down the sidewalk on Arizona Street. Tedford exited his vehicle, approached Lewis, and identified himself as a police officer. After Tedford stated that he was a police officer, Lewis began running up a driveway. Tedford followed and apprehended him. Koryciak arrived and while he was searching the Blazer, Lewis's girlfriend, Tequila Hare, came out of the house and said the Blazer belonged to her. Koryciak then ran a VIN check on the Blazer and discovered that the Secretary of State had issued the wrong license plate; the Blazer did belong to Hare. As a result of the search of the Blazer, Koryciak found several items including a glass Pyrex mixing container which held between 872.6 and 893.4 grams of crack cocaine in it, and a box of ten millimeter handgun ammunition manufactured by Winchester. The caliber of the ammunition found in the Blazer, according to Koryciak, was uncommon.

The next day, Officers Tedford and Bade executed a search warrant for the residence at 2322 Lawndale. As that house was in the process of being remodeled, no one lived there and nothing was seized. The officers received consent to search 2326 Lawndale from Homer Norris and Georgetta Burnett, occupants of the house. Bade searched the house and found a loaded ten millimeter Glock semi-automatic pistol. It was loaded with five Winchester bullets and three other bullets.

Lewis was indicted on charges of conspiracy to distribute powder cocaine and crack cocaine in violation of 18 U.S.C. §§ 846, 841(a), possession with intent to distribute crack cocaine in violation of 18 U.S.C. § 841(a), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Prior to trial, Lewis filed a motion to suppress evidence from the Blazer, which the district court denied.

On appeal, Lewis argues that the evidence taken from the Blazer should have been suppressed because the search was improper for two reasons. First, Lewis argues that the mistake about the license plate on the vehicle was cleared up while the police were still at the scene and before the police towed the vehicle so that the arrest was improper, and therefore the inventory search was also not valid as an inventory search pursuant to a valid arrest. Lewis also argues that the evidence seized from the Blazer should be suppressed because the police did not have authority under city ordinances to impound, and thus inventory search, the Blazer.

The district court, in its order denying Lewis's motion, stated that the evidence showed that the police followed Lewis partly because he was driving recklessly and partly because of the Blazer's improper plate. The court concluded that even though the police did not stop Lewis for a traffic violation, "the police had probable cause to believe a traffic violation occurred" and "their stop and arrest did not did not violate the Fourth Amendment."

When reviewing a district court's decision to deny a motion to suppress evidence, this court reviews conclusions of law de novo and findings of fact for clear error. *United States v. Smith*, 182 F.3d 473, 476 (6th Cir.1999). "When reviewing the denial of a motion to suppress evidence, the appellate court must consider the evidence in the light most favorable to the government." *United States v. Erwin*, 155 F.3d 818, 822 (6th Cir.1998).

■ During the hearing on Lewis's motion to suppress, Officer Tedford testified that he was going to "impound the vehicle because of the improper plate and the reckless driving." On cross examination, Tedford stated that he did not get the information from the Secretary of State's office that the plate was a mistake until after the door to the Blazer was opened. On recross, the court stated: "Let's cut to the chase here. He orders the car stopped because—or because it's got what he believes to be improper plates." Defense counsel: "Right." The Court: "They follow the car, then he says he notices the driver driving recklessly, 50 miles an hour through residential neighborhoods with a 25 mile speed limit, blowing through stop signs and so forth and so on." The court ultimately denied Lewis's motion to suppress. Based on the testimony before it, the district court did not err by concluding that the police arrested Lewis for reckless driving.

Lewis's second argument is that the search was an improper inventory search because the city ordinance under which the police have authority to impound a vehicle requires that three conditions exist simultaneously before the police may impound the vehicle: 1) the driver is unfit to drive, 2) the driver has been arrested, and 3) the vehicle is illegally parked on a public street. According to Lewis, only one or two were present.

The district court found that the police impounded the Blazer pursuant to City of Flint, Ordinance § 28–152. The ordinance reads in part:

(a) Whenever the operator of a motor vehicle appears unfit to operate such vehicle without endangering persons or property, *and* whenever a person is arrested pursuant to M.S.A. § 9.2427, *and* when any vehicle shall hereafter be parked or left standing on any street, or in any municipally-operated parking lot or enclosure in the City, contrary to the provisions of this chapter, such vehicle may be removed by or under the direction of any member of the Police Department.

CITY OF FLINT, MICH., CODE OF ORDINANCES § 28–152 (emphasis added). The court determined that the three clauses are "separate conditions each one of which is sufficient to permit the City of Flint to impound a vehicle." The court also found that to interpret the ordinance as Lewis prefers "would defy a common-sense understanding of the conditions for impounding a vehicle." The court concluded that the police properly conducted an inventory search because Lewis fit within two of the three situations: he was unfit to drive without endangering others and he was arrested for reckless driving pursuant to M.S.A. § 9.2427.

■ We agree with the district court's interpretation of the city ordinance. The ordinance clearly refers to three situations, any one of which is sufficient to impound a vehicle, and because Lewis met at least one requirement, the impoundment of his vehicle was proper. We affirm the district court's denial of Lewis's motion to suppress.

■ Lewis also argues that the district court erred by permitting the government to peremptorily strike a potential juror

who was African–American, the same race as Lewis, thereby violating his right to equal protection. The government's non-discriminatory reasons for striking the juror were that she was familiar with a prospective witness, who was an alcoholic evading service, and that Officer Kendall had expressed concern to counsel about the safety of a juror who had contact with a witness that was associated with Lewis. The court found that the government "advance[d] a sufficient reason that has nothing to do with … race" to strike the prospective juror. The district court did not err by so finding.

Lewis next argues that the district court erred by denying his motion for judgment of acquittal. After the jury returned a guilty verdict, Lewis filed, and the court denied, a Motion for Judgment of Acquittal pursuant to Rule 29(c) with respect to the felon-in-possession charge. The court reviewed the evidence presented by the government with respect to the firearm found at 2326 Lawndale and concluded that the evidence was sufficient for a jury to find beyond a reasonable doubt that Lewis "was in constructive possession of the 10 mm Glock on August 15, 2000 at 2326 Lawndale." The district court did not err by denying Lewis's motion for acquittal based on this evidence.

Lewis makes several other arguments. Lewis argues that § 922(g) is unconstitutional, but that argument was rejected in *United States v. Turner*, 77 F.3d 887, 889 (6th Cir.1996). Lewis argues that 21 U.S.C. § 841(b) is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), but that argument was rejected in *United States v. Martinez*, 253 F.3d 251, 256 n. 6 (6th Cir.2001). Finally, Lewis argues that he was denied a fair trial due to prosecutorial misconduct and judicial bias. We have carefully considered Lewis's argument, the applicable law and the record, and we conclude that Lewis was not denied a fair trial.

For the foregoing reasons, the district court's judgment is AFFIRMED.