CLD-003                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2555
_____

JAMES DWIGHT LEWIS,
                                    Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-17-cv-00583)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 5, 2017
Before:  CHAGARES, GREENAWAY, JR. and GREENBERG, Circuit Judges

(Opinion filed: December 18, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

James Dwight Lewis, proceeding pro se, appeals from the order of the United States District Court for the Middle District of Pennsylvania dismissing his petition for habeas corpus. For the reasons that follow, we will summarily affirm.

Lewis was convicted in the United States District Court for the Eastern District of Michigan of conspiracy to distribute crack cocaine and powder cocaine in violation of 18 U.S.C. §§ 846, 841(a), possession with intent to distribute crack cocaine in violation of 18 U.S.C. § 841(a), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Lewis was sentenced to life in prison.[1] The United States Court of Appeals for the Sixth Circuit affirmed Lewis' conviction and the Supreme Court denied his petition for certiorari. United States v. Lewis, 73 F. App'x 108 (6th Cir. 2003). Lewis filed a motion to vacate, set aside, and correct sentence pursuant to 28 U.S.C. § 2255 with his sentencing court, which was denied. Lewis also sought authorization for file a second or successive § 2255 motion from the Sixth Circuit; however, Lewis' application was denied.

On April 3, 2017, Lewis filed the present petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, where he is currently incarcerated. Lewis raised the following claims: (1) his resentencing constituted a new judgment for § 2244 purposes, (2) the Government withheld Brady material, (3) trial counsel provided ineffective assistance of counsel, (4) Lewis is actually innocent of being a felon in possession of a firearm under Henderson v.

2

United States, 135 S. Ct. 1780 (2015), and (5) Lewis is actually innocent of his sentencing enhancement due to the Supreme Court's decision in Burrage v. United States, 134 S. Ct. 881 (2014). The District Court reviewed Lewis' petition pursuant to Rule 4 of the Rules Governing § 2254 Cases and dismissed the petition for lack of jurisdiction. Lewis appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order denying Lewis' petition for lack of jurisdiction. Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102 (3d Cir. 2017). We may take summary action if this appeal does not present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In certain limited circumstances, a federal prisoner can seek relief under § 2241 in the district of confinement if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); see In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). We have applied this "safety valve" in the rare situation where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent

---

[1] Lewis' sentence was later reduced pursuant to 18 U.S.C. § 3582(c)(2).

gatekeeping requirements of § 2255, id., or because the sentencing court does not grant relief, Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

Lewis argued that § 2255 is inadequate or ineffective because he sought leave from the Sixth Circuit to raise his present claims in another § 2255 motion, the Sixth Circuit denied his application, and that ruling is not subject to appeal. See 28 U.S.C. § 2244(b)(3)(E). We agree with the District Court, however, that Lewis's claims do not fit within the narrow class of circumstances in which a § 2255 motion would be inadequate or ineffective to challenge his conviction. Lewis' claims that his resentencing constituted a new judgment, that trial counsel provided ineffective assistance, and that the Government violated its disclosure duty under Brady are the prototypical claims that should be raised in a § 2255 motion. It is Lewis' inability to meet the gatekeeping requirements of § 2255(h) that has prevented him from obtaining relief, not the inadequacy or ineffectiveness of the § 2255 remedy.

Additionally, there was no basis to transfer Lewis' petition to the United States District Court for the Eastern District of Michigan, as he is confined in the Middle District of Pennsylvania. The proper venue for a § 2241 petition is the District in which an inmate is confined. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004); see also Furnari v. U.S. Parole Comm'n, 531 F.3d 241, 255 (3d Cir. 2008) ("28 U.S.C. § 2241 allows habeas corpus petitions to be brought … in the district in which the petitioner is confined."). Accordingly, the Eastern District of Michigan did not have jurisdiction over

4

Lewis' § 2241 petition. It would likewise not have jurisdiction over the petition even if it were construed as a § 2255 motion. See 28 U.S.C. § 2244(a).

Lewis' arguments under Henderson and Burrage are also unpersuasive. Lewis argued that the Supreme Court in Henderson narrowed the interpretation of possession of a firearm as contained in § 922(g). Lewis argued that, under this narrowed definition, he is actually innocent of his felon in possession conviction. Lewis is mistaken in his interpretation of Henderson. In Henderson, the Supreme Court held that an individual convicted under § 922(g) may transfer his firearms to a third party unless the transfer would allow the individual to later control the firearm. 135 S. Ct. at 1783, 1786. Thus, there has been no intervening change in law that made Lewis' conduct non-criminal.

Similarly, in Burrage the Supreme Court explained, in pertinent part, that the "death results" sentencing enhancement in 21 U.S.C. § 841(b)(1) "is an element that must be submitted to the jury and found beyond a reasonable doubt." 134 S. Ct. at 887. Lewis argued that he is actually innocent of his enhanced sentence because, after Burrage, drug quantities are an element of the offense that must be presented to the jury and found beyond a reasonable doubt. The Supreme Court's decision in Burrage merely applied Apprendi v. New Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, 133 S. Ct. 2151 (2013). See Burrage, 134 S. Ct. at 887.[2] We have previously held that a § 2255

---

[2] In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In Alleyne, the Supreme Court held that the same rule applies to "facts that increase

5

motion is not an inadequate or ineffective vehicle for raising arguments based on

Apprendi or Alleyne.  See Gardner, 845 F.3d at 100; Okereke, 307 F.3d at 120-21.

Accordingly, Lewis cannot resort to § 2241 to raise this claim.[3]

For the foregoing reasons, we conclude that the appeal presents no substantial

question.  Therefore, we will summarily affirm the District Court's judgment.  See 3d

Cir. LAR 27.4 and I.O.P. 10.6.

---

mandatory minimum sentences."  133 S. Ct. at 2163.

[3] Even if the District Court had jurisdiction under 28 U.S.C. § 2241, Lewis would not be entitled to relief under Burrage because his case did not involve a finding of death or serious bodily injury.  See Burrage, 134 S. Ct. at 892.