UNITED STATES of America,
Appellee,

v.

Carl VAN PUTTEN, Defendant–Appellant.

No. 06–5910–cr.

United States Court of Appeals,
Second Circuit.

July 18, 2008.

---

Brian Sheppard, New Hyde Park, N.Y., for Defendant–Appellant.

Michael J. Garcia, United States Attorney for the Southern District of New York, Joshua A. Goldberg and Celeste L. Koele-veld, Assistant United States Attorneys, New York, N.Y., for Appellee.

Present: ROSEMARY S. POOLER, PETER W. HALL, Circuit Judges, and DAVID G. TRAGER,* District Judge.

## SUMMARY ORDER

Defendant Carl Van Putten appeals from a judgment of conviction entered on December 20, 2006 in the United States District Court for the Southern District of New York, following an eight-day trial before the Honorable Peter K. Leisure, United States District Judge, and a jury. Van Putten was charged with, and convicted of, committing murder while engaged in a major narcotics conspiracy and aiding and abetting that crime, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2. He was sentenced on December 19, 2006 by Judge Leisure to a term of life imprisonment, five years' supervised release, and a $100 special assessment. We assume the parties' familiarity with the procedural history, factual background, and issues presented upon appeal.

Van Putten appeals on two grounds. First, he argues that the district court committed reversible error when it gave supplemental jury instructions in response to a question posed by the jury about the law of aiding and abetting; specifically the district court reminded the jury that its responsibility was to find the facts and then directed them to re-read the law of aiding and abetting in the charges. Second, Van Putten argues that his sentence was unreasonable.

"We review a claim of error in a jury instruction *de novo* and will reverse only if the error was prejudicial in light of the charge as a whole. A jury instruction

---

* The Honorable David G. Trager, Senior District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

is proper so long as the charge correctly and sufficiently covers the case to allow the jury intelligently to decide the questions presented to it." *Bruneau v. South Kortright Cent. Sch. Dist.*, 163 F.3d 749, 761 (2d Cir.1998) (internal citation omitted). We have specifically discussed the requirements for "supplementary jury instructions"—that is the instructions that trial judges are forced to give in response to questions from the jury during a trial. "[T]he district court must exercise special care to see that inaccuracy or imbalance in supplemental instructions do not poison an otherwise healthy trial. This is especially true since the judge's last word is apt to be the decisive word." *Tart v. McGann*, 697 F.2d 75, 77 (2d Cir.1982) (internal quotation marks and citations omitted); *see Bollenbach v. United States*, 326 U.S. 607, 611–12, 66 S.Ct. 402, 90 L.Ed. 350 (1946). Given the important role that supplemental instructions can play, we have found that when an instruction was "on a vital issue and misleading, although unintentionally so," a new trial can be called for. *Tart v. McGann*, 697 F.2d at 77 (internal quotation marks and citations omitted). We have noted, and emphasized, "the crucial importance of [a] completely accurate statement by the judge at that critical moment in a criminal trial when the jury interrupts its deliberations to seek further explanation of the law." *United States v. Lefkowitz*, 284 F.2d 310, 314 (2d Cir.1960) (citing *Bollenbach*, 326 U.S. at 611–14, 616–18, 66 S.Ct. 402).

Here, however, because defendant's counsel did not object during the trial either to the initial jury charge or to the "supplementary instruction," there is an additional issue about what standard of review applies to the charge. Under Rule 30(d) of the Federal Rules of Criminal Procedure, a party who has an objection to the charge given by the trial court "must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate." Fed. R.Crim.P. 30(d). In this case, defendant failed to do so. Thus, we must review the charge for plain error. *See United States v. Rossomando*, 144 F.3d 197, 200 (2d Cir. 1998). Under plain error review, there must be "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (internal quotation marks and citations omitted, alterations in original). We have made clear that "the legal sufficiency of the supplemental charge must be assessed in the context of the instructions as a whole." *United States v. Gengo*, 808 F.2d 1, 4 (2d Cir.1986). Given that there was no objection to the initial jury charge, and that the supplemental charge did nothing more than reference the initial charge, we see little merit to defendant's argument that the district court erred in giving its supplemental jury instructions. We therefore deny defendant's appeal as to the jury charge.

 Defendant also appeals his sentence, arguing that it is unreasonable.[2] We review sentences for reasonableness under an abuse-of-discretion standard. *United States v. Cutler*, 520 F.3d 136, 156 (2d Cir.2008). The abuse-of-discretion

---

**2.** We note that the briefs here were submitted without reference to the Supreme Court's recent decisions in *Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) and *Kimbrough v. United States*, —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007); nonetheless, these cases are clearly applicable to the issues raised on this appeal.

standard incorporates de novo review of questions of law (including interpretation of the Guidelines) and clear-error review of questions of fact. *Id.* at 157. "[We] must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed...." *Gall v. United States,* — U.S. —, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

Here, the district court thoughtfully and thoroughly discussed all of the factors relevant to determining a procedurally reasonable sentence. Judge Leisure explained that he had read all the submissions to the court and found them very helpful, accurately calculated the appropriate Guideline range, explicitly went through each of the § 3553 factors on the record, and applied them to the facts of this case. However, despite the district court's exhaustive analysis of the defendant's appropriate sentence, the district court was nevertheless unable to anticipate the Supreme Court's future decisions in *Gall v. United States* and *Kimbrough v. United States.* The district court made one comment at sentencing that seems to indicate that perhaps it was not aware of the full breadth of its discretion under *Gall* and *Kimbrough.* Right before announcing the sentence, Judge Leisure stated, "[i]n addition, given that most defendants convicted of intentional murder are sentenced to life imprisonment, as well as the fact that no mitigating factors

apply to defendant, imposing the statutory minimum sentence of 20 years could conceivably be found to be unreasonable as 'exceeding the bounds of allowable discretion.'" In light of this comment, we are remanding to the district court, in case "the district court did not fully appreciate the extent of its discretion to deviate from the [ ] Guidelines range prior to [*Gall* and] *Kimbrough,*" *United States v. Regalado,* 518 F.3d 143, 148 (2d Cir. 2008) (per curiam).

The judgment of conviction is AFFIRMED. We VACATE the sentence, and we REMAND to the district court so that it may first determine whether it was fully aware, at the time it originally imposed its sentence, that it had the discretion to deviate from a Guidelines sentence, and thereafter to resentence the defendant accordingly.