08-5686-cr
United States v. Putten

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of January, two thousand ten.

PRESENT:   JON O. NEWMAN,
           RALPH K. WINTER,
           REENA RAGGI,
                      *Circuit Judges.*

-------------------------------------------------------------------
UNITED STATES OF AMERICA,

                      *Appellee*,

              v.                                No. 08-5686-cr

CARL VAN PUTTEN,

                      *Defendant-Appellant.*
-------------------------------------------------------------------

SUBMITTING FOR APPELLANT:    BRIAN SHEPPARD, New Hyde Park, New York.[1]

SUBMITTING FOR APPELLEE:     LEV L. DASSIN (Joshua A. Goldberg, Jesse M. Furman, Assistant United States Attorneys, *on the brief*), Acting United States Attorney for the Southern District of New York, New York, New York.

---

[1] Jonathan Svetkey, of Watters & Svetkey, LLP, New York, New York, was appointed as new counsel under the Criminal Justice Act by order dated November 17, 2009.

Appeal from the United States District Court for the Southern District of New York (Peter K. Leisure, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 18, 2008, is AFFIRMED.

Defendant Carl Van Putten challenges his life sentence, first imposed after his conviction following a jury trial of murder while engaged in a major narcotics conspiracy and aiding and abetting that crime, see 21 U.S.C. § 848(e)(1)(A); 18 U.S.C. § 2, and reimposed after a limited remand from this Court to determine whether the district court was fully aware of its discretion to deviate from a Guidelines sentence, see United States v. Van Putten, 282 F. App'x 950, 953 (2d Cir. 2008). Defendant argues that the Guidelines sentence was substantively unreasonable in light of the district court's failure adequately to consider (1) defendant's pre-arrest rehabilitation efforts, (2) lower sentences imposed on others charged in the same crime, and (3) the court's obligation to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing set out in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review the substantive reasonableness of a district court's sentence deferentially and will set the sentence aside "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550

2

F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted); United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007). This is not such a case. Here, the district court expressly considered and rejected the very arguments raised on appeal. The court concluded that the defendant's relatively brief rehabilitative efforts did not warrant a lower prison term in light of, inter alia, a series of drug convictions that post-dated the murder and the defendant's longtime role as manager of a drug-dealing organization. The court further found that defendant was not, in fact, similarly situated to others charged in the case, and that a life sentence was necessary to serve the purposes of § 3553(a) in light of the serious nature of the murder crime of conviction, defendant's failure to take responsibility or show remorse for his homicidal conduct, and defendant's extensive criminal history. It is not our role to "consider what weight we would ourselves have given" these factors. United States v. Cavera, 550 F.3d at 191. We consider only whether the factors identified by the district court to support a challenged sentence "can bear the weight" assigned to them under the totality of circumstances in the case. Id. In doing so, we are mindful that "a broad range of sentences" can be considered substantively reasonable on appellate review of a particular case. United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006); accord United States v. Jones, 531 F.3d. 163, 178 (2d Cir. 2008). In this case, we conclude that the factors identified by the district court can bear the weight of a life sentence.

Moreover, we remanded the case solely for the purpose of determining whether the district court fully understood its broad discretion to deviate from a Guidelines sentence, see

3

Gall v. United States, 552 U.S. 38 (2007); Kimbrough v. United States, 552 U.S. 85 (2007), and to resentence the defendant accordingly. The district court answered in the affirmative and reiterated that the life sentence recommended by the Guidelines comported with its own exercise of discretion under § 3553.

On this record, "giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts," United States v. Cavera, 550 F.3d at 190, we conclude that the sentence was substantively reasonable.

Accordingly, the judgment of the district court is AFFIRMED.

<br>

     For the Court:
     CATHERINE O'HAGAN WOLFE, Clerk of Court