CLD-178                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1273
_____

CARL VAN PUTTEN,
                                        Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4:17-cv-00085)
District Judge:  Honorable Matthew W. Brann

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 30, 2017
Before:  SHWARTZ, GREENBERG and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 7, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Carl Van Putten, an inmate presently confined at the United States Penitentiary in Lewisburg, Pennsylvania, appeals the dismissal of his pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. We will affirm.

Van Putten was convicted of committing murder while engaged in a major narcotics conspiracy and aiding and abetting that crime, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2 in the United States District Court for the Southern District of New York. He was sentenced to a term of life imprisonment, five years of supervised release, and a $100 special assessment. The United States Court of Appeals for the Second Circuit affirmed Van Putten's conviction, vacated his sentence, and remanded for the district court to determine whether it was aware that it could deviate from the Sentencing Guidelines. United States v. Van Putten, 282 F. App'x 950, 953 (2d Cir. 2008). On remand, the district court re-imposed the same sentence and the Second Circuit affirmed. United States v. Putten, 362 F. App'x 218, 220 (2d Cir. 2010). Van Putten filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Southern District of New York, alleging that his trial counsel provided ineffective assistance. Van Putten v. United States, No. 11 CIV. 0633 GBD, 2011 WL 2749874 (S.D.N.Y. July 8, 2011). The motion was denied. Thereafter, the Second Circuit declined to grant Van Putten leave to file a second or successive § 2255 motion. Van Putten v. U.S.A., C.A. No. 16-3373 (order entered on October 31, 2016).

On January 17, 2017, Van Putten filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of

Pennsylvania, the district in which he is incarcerated. In his petition, Van Putten claimed an entitlement to habeas relief on the basis of Alleyne v. United States, 133 S. Ct. 2151 (2013). Specifically, he claimed that, in light of the Supreme Court's ruling in Alleyne, his mandatory life sentence for murder was unlawful. The District Court screened Van Putten's petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases and dismissed it for lack of jurisdiction, concluding that Van Putten's Alleyne claim did not qualify for § 2255 "safety valve" relief under § 2241. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Van Putten appealed.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's decision to dismiss Van Putten's § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

A motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In certain limited circumstances, a federal prisoner can seek relief under § 2241 in the district of confinement if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); see Dorsainvil, 119 F.3d at 249-51. We have applied this "safety valve" only in the rare situation where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent

3

gatekeeping requirements of § 2255, id., or because the sentencing court does not grant relief, Cradle, 290 F.3d at 539.

We agree with the District Court that Van Putten's claims do not fit within the narrow class of circumstances in which a § 2255 motion would be inadequate or ineffective to challenge his conviction. His claims do not rely on an intervening change in the law that has rendered the conduct for which he was convicted non-criminal. In support of his petition, Van Putten argued that Alleyne v. United States, 133 S. Ct. 2151 (2013), made his sentence illegal because the jury did not find premeditation beyond a reasonable doubt. Even if Alleyne were applicable, Van Putten cannot obtain relief, as Alleyne claims cannot be raised in a § 2241 petition. Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102 (3d Cir. 2017). Likewise, § 2241 does not provide an avenue for consideration of Van Putten's argument that Alleyne should be held to apply retroactively to cases on collateral review in light of the Supreme Court's recent decisions in Montgomery v. Louisiana, 136 S. Ct. 718 (2016), and Welch v. United States, 136 S. Ct. 1257 (2016).[1] Van Putten failed to raise his sentencing challenge on direct appeal or in his § 2255 motion. Thus, it is Van Putten's inability to meet the gatekeeping requirements of § 2255(h) that has prevented him from obtaining relief, not the inadequacy or ineffectiveness of the § 2255 remedy.

---

[1] We have held that Alleyne cannot be retroactively applied to cases on collateral appeal. United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014).

4

For the foregoing reasons, we conclude that the appeal presents no substantial question.  Therefore, we will summarily affirm the District Court's judgment.  <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.