**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-4836**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GAESON LEE MURRAY,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Glen E. Conrad, District Judge.  (CR-04-30016)

———————————

Submitted:  January 29, 2007        Decided:  February 21, 2007

———————————

Before WILKINSON, KING, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Matthew W. Greene, SMITH & GREENE, PLLC, Fairfax, Virginia, for Appellant. Jean Barrett Hudson, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gaeson Lee Murray was convicted by a jury of one count of conspiracy to distribute and to possess with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base and three counts of possession with intent to distribute and distribution of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C); 846 (2000). Murray was sentenced by the district court to 240 months' imprisonment. We find no error and affirm Murray's convictions and sentence.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the issue of whether the evidence was sufficient to support Murray's convictions. Murray filed a pro se supplemental brief, expanding on his counsel's argument.* The Government elected not to file a responsive brief.

To determine if there was sufficient evidence to support a conviction, we consider whether, taking the evidence in the light most favorable to the Government, substantial evidence supports the

---

*Murray also argues that the procedure by which the Government's 21 U.S.C. § 851(a)(1) (2000) notice was used for enhancement purposes violated United States v. Booker, 543 U.S. 220 (2005). He appears to argue that Booker requires the jury rather than the district court to make findings regarding the existence of prior qualifying convictions for sentencing enhancement purposes. This court, however, has consistently rejected this extension of Booker.

jury's verdict. <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942). We review both direct and circumstantial evidence, and permit the "government the benefit of all reasonable inferences from the facts proven to those sought to be established." <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982). Witness credibility is solely within the province of the jury, and this court will not reassess the credibility of testimony. <u>See</u> <u>United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989).

To prove a violation of 21 U.S.C. § 841(a)(1), the Government must establish that the defendant: (1) knowingly; (2) possessed the controlled substance; (3) with the intent to distribute it; and, when charged, (4) distributed it. <u>See</u> <u>United States v. Collazo</u>, 732 F.2d 1200, 1205 (4th Cir. 1984). Moreover, to prove conspiracy to distribute and to possess with intent to distribute a controlled substance, the Government must establish that: (1) two or more persons agreed to distribute and to possess with intent to distribute the substance; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became part of the conspiracy. <u>See</u> <u>United States v. Burgos</u>, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). A defendant may be convicted of conspiracy without knowing all the conspiracy's details, so long as he joins the conspiracy understanding its unlawful nature and willfully joins in the plan on at least one occasion. <u>Id.</u> at 858. Construing the evidence admitted at trial

in the light most favorable to the Government, we find it sufficient to support the jury's verdict.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Murray's convictions and sentence. We deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -