BLD-103                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2394
_____

GAESON LEE MURRAY,
                                    Appellant

v.

WARDEN FAIRTON FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-17-cv-03585)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 25, 2018

Before:  RESTREPO, BIBAS and NYGAARD, Circuit Judges

(Opinion filed: January 30, 2018 )
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Gaeson Murray, a federal prisoner currently confined in FCI-Fairton, appeals from an order of the United States District Court for the District of New Jersey dismissing for lack of jurisdiction his petition for habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2005, Murray was convicted by a jury in the United States District Court for the Western District of Virginia of one count of conspiracy to distribute and to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841 (b)(1)(A) and 846, and three counts of possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). See United States v. Glascoe, W.D. Va. No. 04-cr-30016-008. Prior to trial, the Government filed an information pursuant to 21 U.S.C. § 851, notifying Murray that, because his 2001 felony conviction for possession of a controlled substance in Fauquier County, Virginia constituted a "felony drug offense," he was subject to a mandatory minimum term of 20 years in prison. See 21 U.S.C. § 841(b)(1)(A). In light of that conviction, Murray was sentenced to the mandatory minimum term of 20 years in prison. The United States Court of Appeals for the Fourth Circuit affirmed his judgment of conviction and sentence on appeal. See United States v. Murray, 217 F. App'x 277, 277 (4th Cir. 2007) (per curiam).

In 2008, Murray filed a motion pursuant to 28 U.S.C. § 2255. He argued, inter alia, that his counsel was ineffective for failing to object to the notice of enhanced sentence under § 851 and that his mandatory minimum sentence was a violation of due

2

process. The District Court denied the motion on the merits after an evidentiary hearing, and the Fourth Circuit declined to issue a certificate of appealability. See United States v. Murray, 333 F. App'x 714 (4th Cir. 2009) (per curiam). In the Fourth Circuit, Murray has sought, and been denied, permission to file a second or successive § 2255 motion.

Murray then filed the § 2241 habeas petition at issue here while incarcerated within this Circuit. He argued therein that he is actually innocent of his enhanced sentence under Alleyne v. United States, 133 S. Ct. 2151 (2013), because the question of whether his Virginia conviction constituted a "felony drug offense" was never presented to a jury and found beyond a reasonable doubt, and that he is actually innocent of his enhanced sentence also under Mathis v. United States, 136 S. Ct. 2243 (2016), United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016), and Holt v. United States, 843 F.3d 720 (7th Cir. 2016), because those cases support the proposition that the Virginia statute under which he was convicted is no longer a "felony drug offense." Murray argued that he should, therefore, be resentenced without the enhancement. The District Court dismissed the petition for lack of jurisdiction. Murray appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). As we have explained, "under the explicit

3

terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle, 290 F.3d at 538 (quoting § 2255(e)). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. at 538. This exception is narrow and applies in only rare circumstances. See In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997); see also Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

We agree with the District Court's disposition of this case. We have previously held that a §2255 motion is not an inadequate or ineffective vehicle for raising claims based on Alleyne. Gardner v. Warden Lewisburg USP, 845 F.3d 99, 100 (3d Cir. 2017). Accordingly, Murray cannot resort to § 2241 to raise this claim.

In his second claim, Murray argues that because the Virginia drug possession statute under which he was convicted, see Va. Code Ann. § 18.2-250, contains a broader range of drugs than the federal controlled substance schedule, the statute is divisible, which means that the conviction cannot be used as a predicate § 851 enhancement, and that he is, therefore, actually innocent of the sentencing enhancement. He purports to rely on Mathis, in which the Supreme Court stressed that, for purposes of applying the categorical (or modified categorical) approach, a statute is divisible only when it sets forth different elements delineating separate crimes, not when it sets forth different means of committing a single crime. See 136 S. Ct. at 2253.

4

We conclude that the District Court properly rejected the petition as it related to Murray's "<u>Mathis</u>" claim, too.  We have not held that innocence-of-the-sentence claims fall within the exception to the rule that habeas claims must be brought in § 2255 motions.  <u>See, e.g.</u>, <u>Gardner</u>, 845 F.3d at 103.  And, in any event, Murray has not shown that <u>Mathis</u> constituted an intervening change in law which made available to him the argument that he presents here, that the Virginia list of controlled substances contains a broader range of drugs than the federal controlled substance schedule such that his Virginia conviction cannot be used as a predicate § 851 enhancement.  Murray could have, therefore, raised this argument in his initial § 2255 motion.

Accordingly, we will affirm the judgment of the District Court.