DLD-050                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2594
_____

TODD DAVENDER,
                                        Appellant

v.

WARDEN FAIRTON FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 1:17-cv-04583)
District Judge:  Honorable Noel L. Hillman

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 6, 2018

Before: JORDAN, GREENAWAY, Jr., and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 14, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Federal prisoner Todd Davender appeals pro se from the order of the United States District Court for the District of New Jersey ("the DNJ") dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241, and from the DNJ's related order denying his motion for reconsideration. For the reasons that follow, we will dismiss this appeal to the extent that it challenges the former order, and we will summarily affirm the latter order.

I.

In 2001, a jury in the United States District Court for the District of Connecticut ("the DCT") found Davender guilty of multiple drug-related offenses. The DCT apparently determined that, because Davender had a prior New York state-court drug conviction, his statutory mandatory minimum for the federal crimes was 240 months in prison. See 21 U.S.C. § 841(b)(1)(A). However, because Davender's applicable range under the then-mandatory United States Sentencing Guidelines was 360 months to life, the DCT sentenced Davender to 360 months in prison. The United States Court of Appeals for the Second Circuit upheld that judgment on direct appeal. Thereafter, Davender moved the DCT to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The DCT ultimately denied that motion, and the Second Circuit dismissed Davender's related appeal as time-barred.

In the years that followed, Davender filed two successful motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). In December 2011, the DCT reduced Davender's sentence to 324 months in prison in light of Sentencing Guidelines

2

Amendment 750, which had lowered his applicable Guidelines range to 324 to 405 months.  In May 2015, the DCT further reduced Davender's sentence to 262 months in prison in light of Amendment 782, which had lowered his applicable Guidelines range to 262 to 327 months.

In June 2017, Davender filed a pro se § 2241 petition in the DNJ, raising multiple claims relating to his sentence.[1]  On January 5, 2018, the DNJ dismissed that petition for lack of jurisdiction.  On or after February 20, 2018, Davender moved the DNJ to reconsider that dismissal pursuant to Federal Rules of Civil Procedure 52 and 59.  The DNJ denied that motion on July 6, 2018.  About a week later, Davender filed this appeal, seeking to challenge both of the DNJ's orders.

II.

We begin by outlining the scope of our review.  In cases like this one, a party generally must file his notice of appeal within 60 days of the district court's entry of the final order(s) being appealed.  See Fed. R. App. P. 4(a)(1)(B).  This requirement is "mandatory and jurisdictional," Bowles v. Russell, 551 U.S. 205, 209 (2007) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61 (1982) (per curiam)), and it is not subject to equitable tolling, see id. at 214.  In this case, Davender filed his notice of appeal within 60 days of the DNJ's July 6, 2018 order denying reconsideration, but not within 60 days of the DNJ's January 5, 2018 order dismissing his § 2241 petition.

---

[1] Davender filed his § 2241 petition in the DNJ because he was incarcerated in the District of New Jersey at that time.  See Rumsfeld v. Padilla, 542 U.S. 426, 442-43

Although there are circumstances in which the filing of a motion to reconsider can toll the time to appeal from a district court's earlier order, those circumstances are not present here because Davender did not file his motion to reconsider within 28 days of the DNJ's January 5, 2018 order. See Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 52(b), 59(e).

Because this appeal is untimely as to the DNJ's January 5, 2018 order, we will dismiss that portion of the appeal for lack of jurisdiction.[2] As for the portion challenging the DNJ's July 6, 2018 order, we have jurisdiction over that challenge pursuant to 28 U.S.C. §§ 1291 and 2253(a).[3] We review the July 6, 2018 order for abuse of discretion, except with respect to matters of law, over which our review is de novo. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) [hereinafter Max's Seafood Café]. We may affirm the July 6, 2018 order on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and we may take summary action with respect to that order if this appeal fails to present a substantial question, see 3d Cir. I.O.P. 10.6.

---

(2004).

[2] Although a district court's failure to comply with Federal Rule of Civil Procedure 58(a)'s separate document rule effectively extends the time to appeal, see Fed. R. Civ. P. 58(c)(2), the District Court's January 5, 2018 order complied with that rule, see LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007) (providing that an order must (1) "be self-contained and separate from the opinion," (2) "note the relief granted," and (3) "omit (or at least substantially omit) the trial court's reasons for disposing of the claims").

[3] Davender does not need a certificate of appealability to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).

III.

Davender's motion to reconsider the dismissal of his § 2241 petition was untimely. See Fed. R. Civ. P. 52(b), 59(e). But even setting aside the issue of timeliness, that motion clearly failed for the reasons that follow.

A § 2255 motion is the presumptive means by which a federal prisoner can collaterally attack the legality of his sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner may challenge the legality of his sentence via a § 2241 petition only if he establishes that a § 2255 motion would be "inadequate or ineffective." See 28 U.S.C. § 2255(e); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Section 2255(e)'s "inadequate or ineffective" exception applies in rare circumstances only, such as when a federal prisoner had "no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). A § 2255 motion is not inadequate or ineffective merely because relief under § 2255 was previously denied or the petitioner cannot meet the gatekeeping requirements for filing a second or successive § 2255 motion. Cradle, 290 F.3d at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538.

In this case, Davender's § 2241 petition sought to raise three challenges to his sentence. Specifically, he claimed as follows: (1) the trial court erred at sentencing when calculating his Guidelines criminal-history score; (2) his trial counsel was ineffective for

not making an argument based on Alleyne v. United States, 570 U.S. 99 (2013); and (3) in light of Mathis v. United States, 136 S. Ct. 2243 (2016), and its progeny, his New York state-court drug conviction no longer qualifies as a predicate offense under § 841(b)(1)(A), and thus he is no longer subject to that statute's 240-month mandatory minimum.[4]  But none of these claims is the rare type of claim that would trigger § 2255(e)'s "inadequate or ineffective" exception and entitle a federal prisoner to § 2241 relief.  First, Davender has already attacked his criminal-history score.[5]  Second, his Alleyne-based claim is foreclosed by our decision in Gardner v. Warden Lewisburg USP, 845 F.3d 99, 103 (3d Cir. 2017) (holding that § 2255 "is not inadequate or ineffective to raise an *Alleyne* argument").  Lastly, assuming for the sake of argument that there are circumstances in which a federal prisoner could raise a potentially meritorious Mathis claim in a § 2241 petition, those circumstances are not present in this case because the focus of Davender's Mathis claim — § 841(b)(1)(A)'s 240-month mandatory minimum — had no impact on his sentence.[6]

---

[4] Davender's § 2241 petition technically listed four claims, not three; however, because two of the claims were based on the aforementioned Mathis-related argument, the petition effectively raised only three claims.

[5] Davender indicates that he first challenged that score at sentencing.  It appears that the score was reviewed on direct appeal, and he also challenged it in his § 2255 proceedings.

[6] As noted above, Davender's original sentence was based on the then-mandatory Guidelines.  Although his two sentence reductions under § 3582(c)(2) took place after the Guidelines became advisory, the DCT was precluded in each of those instances from reducing his sentence below the lower end of his amended Guidelines range.  See U.S.S.G. § 1B1.10(b)(2)(A); see also United States v. Erskine, 717 F.3d 131, 135 (2d Cir. 2013) (holding that section 1B1.10 "is valid and binding on district courts").  Because the lower end of each of those amended ranges was greater than 240 months, it did not matter

In view of the above, there was no reason for the District Court to reconsider its January 5, 2018 order dismissing Davender's § 2241 petition. See Max's Seafood Café, 176 F.3d at 677 (explaining that a litigant seeking reconsideration must show that (1) there has been "an intervening change in controlling law," (2) new evidence is available, and/or (3) there is a "need to correct a clear error of law or fact or to prevent manifest injustice"). Because Davender's challenge to the District Court's July 6, 2018 order denying his motion to reconsider does not present a substantial question, we will summarily affirm that order.

whether § 841(b)(1)(A)'s 240-month mandatory minimum applied to his case.