**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 14-3902

BARKLEY GARDNER,

Appellant

v.

WARDEN LEWISBURG USP

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-14-cv-00858)
District Judge: Honorable James M. Munley

Submitted Under Third Circuit L.A.R. 34.1(a)
September 19, 2016

Before: MCKEE,[*] HARDIMAN, and RENDELL,
*Circuit Judges*.

---

[*] Chief Judge Theodore A. McKee's term as Chief Judge ended on September 30, 2016.

(Opinion Filed:  January 4, 2017)

Edward J. Rymsza, III
Miele & Rymsza, P.C.
36 West Fourth Street
Williamsport, PA 17701
        *Counsel for Appellant*

Carlo D. Marchioli
Kate L. Mershimer
Office of United States Attorney
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108
        *Counsel for Appellee*

_____

OPINION OF THE COURT

_____

HARDIMAN, *Circuit Judge*.

A federal prisoner who wishes to challenge the constitutionality of his incarceration may file a petition for writ of habeas corpus under 28 U.S.C. § 2255. In the exceptional circumstance when § 2255 is inadequate or ineffective to do so, however, a petition may be filed under the general habeas statute, 28 U.S.C. § 2241. In *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002), we held that § 2255 was adequate and effective to adjudicate a claim of sentencing error under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The question this appeal presents is whether § 2255 is an adequate and effective means to adjudicate a claim of

2

sentencing error under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). We hold that it is.

I

In 1996, Appellant Barkley Gardner and four others were convicted on charges related to their involvement in a drug conspiracy that operated in New York, Maryland, and North Carolina. *See United States v. Celestine*, 43 F. App'x 586, 589 (4th Cir. 2002) (affirming Gardner's convictions). Members of the conspiracy murdered a rival drug dealer, Lateisha Beaman, by carjacking and kidnapping her, taking her into the woods, and shooting her. *Id.* They also murdered another defendant's former girlfriend, Roneka Jackson, after she tried to report their illegal activity. *See id.* at 589–90.

A jury in North Carolina convicted Gardner of seven federal crimes: (1) racketeering; (2) racketeering conspiracy; (3) conspiracy to distribute a controlled substance; (4) conspiracy to commit murder; (5) murder in aid of racketeering, aiding and abetting; (6) carjacking resulting in death; and (7) using and carrying a firearm during and in relation to a crime of violence causing death, aiding and abetting. Gardner was sentenced to imprisonment for "his natural life on each of Counts 1, 2, 3, 5, 6 and 7, and 120 months [on] Count 4, all to be served concurrently," and a special assessment totaling $350. App. 111A–12A.

The Court of Appeals for the Fourth Circuit affirmed Gardner's convictions. *Celestine*, 43 F. App'x at 598, *cert. denied*, *Gardner v. United States*, 537 U.S. 1095 (2002). After his direct appeal became final, Gardner filed a motion in the United States District Court for the Eastern District of North Carolina under 28 U.S.C. § 2255 seeking to vacate or

3

modify his sentence based on ineffective assistance of counsel. The district court denied Gardner's motion, and the Fourth Circuit again affirmed. *United States v. Gardner*, 231 F. App'x 284 (4th Cir. 2007).

In May 2014, Gardner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Middle District of Pennsylvania—where he remains incarcerated—claiming he is being held in violation of the United States Constitution in light of the Supreme Court's intervening decisions in *Alleyne*, *Burrage v. United States*, 134 S. Ct. 881 (2014), and *Rosemond v. United States*, 134 S. Ct. 1240 (2014). In *Alleyne*, the Supreme Court mirrored its opinion in *Apprendi*, and held that "[a]ny fact that, by law, increases the [mandatory minimum] penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S. Ct. at 2155 (citation omitted). *Burrage* confirmed this rule by applying it to a specific penalty enhancement. 134 S. Ct. at 887. And *Rosemond* changed the standard for aiding and abetting under 18 U.S.C. § 924(c). 134 S. Ct. at 1243.

On July 7, 2014, the Magistrate Judge recommended dismissing Gardner's § 2241 petition for lack of jurisdiction because Gardner's claims should have been raised in a § 2255 motion filed in the court that sentenced him: the United States District Court for the Eastern District of North Carolina. Two months later, the District Court adopted the Magistrate Judge's report and recommendation denying Gardner's § 2241 petition, dismissing his claims under *Alleyne* on jurisdictional grounds. Gardner argued that because facts that increased his mandatory minimum penalty were not found by the jury beyond a reasonable doubt, "*Alleyne* invalidates his concurrent life sentences." *Gardner v. Thomas*, 2014 WL

4

4351534, at *3 (M.D. Pa. Sept. 2, 2014). The District Court held that it lacked jurisdiction to decide this claim because "the presumptive means for federal prisoners to challenge their convictions or sentences is a section 2255 motion, not a section 2241 petition," and "a section 2241 petition is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention." *Id.* at *2 (citing 28 U.S.C. § 2255(e) and *Okereke*, 307 F.3d at 120). Noting that *Alleyne* simply mirrored the rule announced in *Apprendi*, and that *Okereke* held that § 2255 motions *are* adequate and effective means to adjudicate claims of *Apprendi* error, the District Court concluded: "it follows that *Alleyne* claims must also be brought under section 2255." *Id.* at *3. The Court denied Gardner's motion and he filed this appeal.

## II

The District Court had the power to ascertain its own jurisdiction, *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006), and we have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's order denying Gardner's petition for lack of jurisdiction, and we may affirm the District Court's order "for any reason supported by the record." *Cardona v. Bledsoe*, 681 F.3d 533, 535 & n.4 (3d Cir. 2012) (citation omitted).

## III

We begin by considering whether Gardner's claims of error under *Alleyne* qualify for the § 2255 exception that would permit review of his claims in a § 2241 petition.

A

Gardner claims he was unlawfully sentenced to life in prison for offenses under each of Counts 1–3. These sentences were improper, Gardner argues, because not all facts that increase the mandatory minimum were submitted to the jury as elements of the crime, as the Supreme Court later required in *Alleyne*, 133 S. Ct. at 2155. But in order for this argument to be considered, Gardner had to establish that the District Court had jurisdiction to hear his claim under 28 U.S.C. § 2241. For the reasons that follow, we agree with the District Court that it lacked jurisdiction.

The Supreme Court in *Apprendi* held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. We held in *Okereke* that despite this new requirement, prisoners sentenced prior to and in violation of the *Apprendi* rule may not bring habeas petitions under § 2241. *Okereke*, 307 F.3d at 120–21. Because "*Apprendi* dealt with sentencing and did not render . . . the crime for which [the defendant] was convicted[] not criminal," we determined that § 2255 motions are adequate and effective means to adjudicate claims of *Apprendi* error in prior sentences. *Id.*

*Alleyne* extended the logic of *Apprendi* to facts affecting mandatory minimums for criminal sentences. *Alleyne*, 133 S. Ct. at 2155. Both cases regulate sentencing procedure and neither makes previously criminal conduct noncriminal. For the same reason that *Okereke* held *Apprendi* claims could not be raised in § 2241 motions—*Apprendi* did not render previously criminal conduct noncriminal, *Okereke*,

6

307 F.3d at 120—we likewise hold that *Alleyne* claims cannot be raised under § 2241.

This conclusion is consistent with § 2241's limited scope. A court may not entertain a habeas petition under § 2241 made by a federal prisoner "in custody under sentence of a [federal] court . . . unless it also appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255. Section 2255, in turn, imposes several restrictions: motions must be raised in the trial court that sentenced the prisoner and within one year of sentencing, and the opportunity for successive filing is limited. *See, e.g.*, 28 U.S.C. §§ 2255(e), (f), (h). Despite these stringent requirements, we have held that § 2255 is not inadequate or ineffective "merely because [a] petitioner is unable to meet [them]." *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Rather, the petitioner must show something more to establish inadequacy or ineffectiveness.

There are situations where the remedy under § 2255 is actually "inadequate or ineffective," but they are rare. For example, in *Dorsainvil* we held that § 2255 relief was unavailable when a prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate" and which "the government concedes . . . should be applied retroactively." *Dorsainvil*, 119 F.3d at 251. Such a situation that warrants § 2241 jurisdiction will indeed be "unusual." *Id.*; *see also id.* at 252–53 (Stapleton, J., concurring) (summarizing the Court as holding § 2255 inadequate "in a case where the gatekeeping provisions bar a successive petitioner who can allege *actual innocence* of the crime of which he was

7

convicted and who, at the time of his earlier petition(s), could not demonstrate that innocence" (emphasis added)).

We emphasized in *Okereke* that *Dorsainvil*'s interpretation of § 2255 provides only a "narrow exception" to its "presumptive" exclusivity. *Okereke*, 307 F.3d at 120. We also noted that unlike the change in substantive law leading to the exception in *Dorsainvil*, issues that might arise regarding sentencing did not make § 2255 inadequate or ineffective. *Id.* at 120–21. The prisoner's inability to satisfy § 2255's gatekeeping requirements in *Okereke* did not alter our analysis that the district court lacked jurisdiction to consider a § 2241 petition. *Id.*

Like *Apprendi*, *Alleyne* did not establish a rule that made prior criminal conduct noncriminal. We have previously noted that *Alleyne* is essentially an extension of *Apprendi*. *See United States v. Burnett*, 773 F.3d 122, 136 (3d Cir. 2014). Therefore, under the logic of *Okereke*, 307 F.3d at 120, Gardner's *Alleyne* challenge cannot be raised in a § 2241 petition based on *Dorsainvil*-like claims of actual innocence.

Gardner responds by arguing that if Congress had intended to limit § 2255's savings clause only to "actual innocence" claims, the legislature would have drafted the statute differently. This argument misperceives the animating principle of our decision in *Dorsainvil*. There, we recognized that § 2255's savings clause provides a safety valve for actual innocence, but without short-circuiting § 2255's gatekeeping requirements. *See Dorsainvil*, 119 F.3d at 251. Adopting Gardner's approach—under which all sentencing issues based on new Supreme Court decisions could be raised via § 2241 petitions—would accomplish just that. The exception would

8

swallow the rule that habeas claims presumptively must be brought in § 2255 motions.

And § 2255 already addresses the effect of an intervening change to the scope of criminality by allowing some successive motions. *See* 28 U.S.C. §§ 2255(f)(3), (h)(2). Gardner's approach vitiates these statutory provisions without explaining why the statutory scheme, as written, would not have allowed him to adequately raise his *Alleyne* claim in a § 2255 motion. In sum, because "§ 2255 [i]s not inadequate or ineffective for [a prisoner] to raise his *Apprendi* argument," *Okereke*, 307 F.3d at 121, it is not inadequate or ineffective to raise an *Alleyne* argument either.

B

Because upholding Gardner's convictions on the counts he has challenged under *Alleyne* will result in affirming three of his concurrent life sentences, we need not address the merits of his challenge under *Rosemond* in light of the concurrent sentence doctrine. *See United States v. McKie*, 112 F.3d 626, 628 n.4 (3d Cir. 1997).

Our rejection of Gardner's *Alleyne* claim means that Counts 1–3 will be unaffected by his § 2241 petition. His additional claim under *Rosemond*—based on a broad reading of that decision's holding on which we won't pass judgment—would at most affect Counts 5–7. Accordingly, our review of the *Rosemond* claim cannot alter the term of Gardner's imprisonment. Thus, under the concurrent sentence doctrine, we would decline to do so even if his *Rosemond* claim were persuasive. *See United States v. Ross*, 801 F.3d 374, 381 (3d Cir. 2015); *Jones v. Zimmerman*, 805 F.2d 1125, 1128 (3d Cir. 1986).

Gardner argues that his special assessment ($50 per felony, or $350 total) means that his sentences are not truly concurrent in light of *Ray v. United States*, 481 U.S. 736, 737 (1987) (per curiam). That argument has been foreclosed by our decision in *Ross*. In that case, we held that because collateral attacks can challenge only a prisoner's custody, special assessments are not reviewable in habeas corpus proceedings. *See Ross*, 801 F.3d at 381–82. *Ross* leaves some room to argue that other "adverse collateral consequences" of multiple convictions may rise to the level of "custody," *id.* at 382–83, but Gardner identifies no such consequences in his case, even as he emphasizes this exception to the concurrent sentencing doctrine. Although the range of adverse collateral consequences is quite broad, *id.*, Gardner cannot show that any rise to the level of "custody" in this case given his other life sentences. Accordingly, we invoke the concurrent sentence doctrine and decline to address whether *Rosemond* undermines Gardner's aiding and abetting convictions.

IV

For the reasons stated, we will affirm the District Court's order denying Gardner's § 2241 habeas petition for lack of jurisdiction.