DLD-105                                                    **NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 16-4227
_____

TIAYON KARDELL EVANS,

Appellant

v.

WARDEN LORETTO FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-16-cv-00227)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 19, 2017
Before:  CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed February 7, 2017)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Tiayon Kardell Evans, an inmate currently incarcerated at the Federal Correctional Institution at Loretto, Pennsylvania, is currently serving a 240-month sentence for multiple federal drug-trafficking convictions. Specifically, the record reflects that, in 2005, Evans was convicted in the United States District Court for the Eastern District of Virginia on multiple counts of conspiracy to distribute heroin and cocaine base, and other related offenses, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), (b)(1)(B)(iii), (b)(1)(C), and 18 U.S.C. § 924(c)(1)(A). The convictions and sentences were affirmed on direct appeal. Evans v. United States, 223 F. App'x 288 (4th Cir. 2007) (per curiam) (not precedential). Between 2006 and 2010, Evans filed several motions to vacate his sentence pursuant to 28 U.S.C. § 2255, but the District Court for the Eastern District of Virginia denied each motion. See United States v. Evans, E.D. Va. No. 2:04-cr-00099 (Doc. Nos. 52, 73, 87, 89).

In October 2016, Evans filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Pennsylvania asserting that the criminal court had lacked subject-matter jurisdiction over his case because the charges arose under Title 21 of the United States Code, a title which was never enacted into positive law. The District Court summarily denied the § 2241 petition. See 28 U.S.C. § 2243. Evans now appeals and has moved the Court for an expedited ruling and summary reversal.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n.3 (3d Cir. 2005).

We will deny Evans's motion and summarily affirm the District Court's order because no substantial question is presented by this appeal. See Third Cir. LAR 27.4 and I.O.P. 10.6. Leaving aside the question of whether Evans's claim is anything other than frivolous, his challenge to the validity of his conviction and sentence must be raised—if anywhere—in a motion under 28 U.S.C. § 2255 addressed to the criminal court. As we have previously explained, "§ 2255 must be used to raise a challenge to the validity of a [federal prisoner's] conviction or sentence unless that section is 'inadequate or ineffective.'" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); see 28 U.S.C. § 2255(e). Section 2255 is not "inadequate or ineffective" in Evans's case merely because he was previously denied relief under § 2555. Gardner v. Warden Lewisburg USP, --- F.3d ----, 2017 WL 33552, at *3 (3d Cir. 2017). Because Evans's claim falls within the purview of § 2255, he cannot raise it via § 2241.

Accordingly, we will summarily affirm the District Court's order denying Evans relief under § 2241. Appellant's motion for expedited summary reversal is denied.

---

[1] A certificate of appealability is not required to appeal from the denial of a federal prisoner's § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).