**BLD-099**                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3403
_____

NORMAN SHAW, JR.,
                                    Appellant

v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-17-cv-01826)
District Judge:  Honorable James M. Munley

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 25, 2018

Before: RESTREPO, BIBAS and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 29, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Norman Shaw, Jr., appeals pro se from an order of the United States District Court for the Middle District of Pennsylvania dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241. For the following reasons, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

In 2006, Shaw pleaded guilty in United States District Court for the District of Kansas to two bank robbery offenses. He received a sentence of 165 months in prison. That sentence came after the District Court determined that Shaw qualified as a career offender under U.S. Sentencing Guidelines § 4B1.1 because he had at least two prior felony convictions for crimes of violence.

As relevant here, in 2016, the United States Court of Appeals for the Tenth Circuit granted Shaw permission to file a second or successive § 2255 motion following the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. The Kansas District Court denied Shaw's corresponding § 2255 motion and dismissed a subsequent reconsideration motion. On November 30, 2017, the Tenth Circuit denied Shaw's request for a certificate of appealability, stating that Shaw's sentencing challenge lacked arguable merit in light of United States v. Beckles, 137 S. Ct. 886 (2017), which held that the advisory Guidelines are not subject to a vagueness challenge under the Due Process Clause. See United States v. Shaw, -- F. App'x --, 2017 WL 5900543, at *3 (10th Cir. Nov. 30, 2017) (non-precedential).

2

While Shaw's request for a certificate of appealability was pending before the Tenth Circuit, Shaw filed two § 2241 petitions in the Middle District of Pennsylvania seeking relief under Johnson. The District Court dismissed the first petition on the ground that Shaw had not demonstrated that § 2255 was inadequate or ineffective, and Shaw did not appeal. Some three months later, however, in October 2017, Shaw filed a second § 2241 petition, again relying on Johnson while reframing his claim as one of "actual/factual innocence." The District Court again dismissed the petition, and Shaw now appeals.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal of Shaw's § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Section 2241 gives federal district courts the power to grant a writ of habeas corpus to prisoners within their jurisdiction who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). That said, "the usual avenue for federal prisoners seeking to challenge the legality of their confinement" is through a motion filed pursuant to 28 U.S.C. § 2255 in the court of conviction and sentencing. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A petitioner otherwise required to rely on § 2255 may pursue relief through § 2241 only if a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

We have so far applied that safety valve in the rare situation where a prisoner has had no prior opportunity to challenge his conviction for actions that an intervening

3

change in law has made non-criminal. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Dorsainvil, 119 F.3d at 251); see also Gardner v. Warden Lewisburg USP, 845 F.3d 99, 103 (3d Cir. 2017). A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the gatekeeping requirements of § 2255, see Okereke, 307 F.3d at 120, or because the sentencing court has denied relief, see Cradle, 290 F.3d at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538-39.

## III.

In this case, the District Court correctly dismissed Shaw's petition. The Tenth Circuit granted Shaw permission to raise his Johnson-based claim in a second or successive § 2255 motion, which was considered and rejected on the merits, so he cannot show that § 2255 is an inadequate or ineffective remedy for him to seek relief on that claim. Shaw's apparent attempt to modify his claim in this § 2241 petition does not affect our conclusion. Moreover, as the Tenth Circuit determined, Johnson does not provide Shaw with a basis for relief from his advisory Guidelines sentence in light of the Supreme Court's decision in Beckles.

## IV.

For the reasons above, we will affirm the District Court's order.

4