CLD-021                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2269
_____

UNITED STATES OF AMERICA

v.

CHAZZIO RUTHERFORD,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Crim. No. 2-09-cr-00257-001)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 1, 2018
Before:  CHAGARES, RESTREPO and SCIRICA, <u>Circuit Judges</u>

(Opinion filed:  December 20, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Chazzio Rutherford appeals from an order of the United States District Court for the Western District of Pennsylvania, which denied his petition filed under 28 U.S.C. § 2241, and from the subsequent order denying his motion to clarify and reconsider. We will summarily affirm the District Court's judgment.

I.

In 2011, Rutherford pleaded guilty to federal drug crimes and firearm violations and was classified as a career offender, due to two prior convictions for possession with intent to deliver heroin, in violation of 35 Pa. Stat. Ann. § 780-113(a)(30).[1] His sentencing range under the United States Sentencing Guidelines was calculated to be 292-365 months' imprisonment, but the District Court granted a motion for a downward departure and variance, sentencing him to a total of 180 months' imprisonment. Rutherford did not appeal.

In April 2017, Rutherford filed a motion "under section[s] 2241, 1651, and 2255, or Title 28 United States Code." In it, he claimed that if the categorical approach is properly applied, as clarified in Moncrieffe v. Holder, 569 U.S. 184 (2013), and Mathis v. United States, 136 S. Ct. 2243 (2016), then his Pennsylvania convictions do not qualify as "controlled substance offenses" for purposes of the federal sentencing guidelines' career offender enhancement, see U.S.S.G. § 4B1.1. Rutherford argued, among other things, that "delivery" under Pennsylvania law is broader than the conduct included in the

---

[1] "[A] defendant qualifies for a career-offender enhancement under the Guidelines if he or she 'has at least two prior felony convictions of . . . a controlled substance offense.'" United States v. Glass, 904 F.3d 319, 321 (3d Cir. 2018) (quoting U.S.S.G. § 4B1.1(a)).

2

Guidelines' definition of "controlled substance offense." Rutherford conceded that his motion was untimely if construed as a § 2255 motion, but argued that he should be able to raise his claim under § 2241 or the All Writs Act because he is "actually innocent" of the career offender designation.

The Government filed a response in opposition, to which Rutherford filed a reply. The District Court agreed with the Government that Rutherford's § 2255 motion was untimely filed and that he could not use § 2241 because § 2255 was not "inadequate or ineffective." Quoting our decision in Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102-03 (3d Cir. 2017), the District Court stated that Rutherford did not show "something more"—something beyond his inability to meet the filing requirements of § 2255. The Court also noted, in a footnote, that in United States v. Henderson, 841 F.3d 623 (3d Cir. 2016), cert. denied, 138 S. Ct. 210 (2017), we had recently "rejected a similar, though not identical, Mathis-based challenge to Pennsylvania's Controlled Substances Act as it relates to the sentencing enhancement under the Armed Career Criminal Act." Rutherford then filed a motion to clarify or reconsider, which the District Court denied. Rutherford timely appealed.

To the extent that Rutherford's filing was properly construed as a motion under 28 U.S.C. § 2255, we have already denied his application for a certificate of appealability, as "[j]urists of reason would not debate the District Court's conclusion that Rutherford's petition, construed as a motion under 28 U.S.C. § 2255, was untimely." Order entered December 18, 2017. In considering Rutherford's filing as a possible petition under 28 U.S.C. § 2241, we stayed the appeal pending a decision in United States v. Glass, C.A.

3

No. 16-2906. After entering a decision in <u>Glass</u>, <u>see</u> <u>United States v. Glass</u>, 904 F.3d 319 (3d Cir.), <u>reh'g denied</u>, (3d Cir. Sept. 28, 2018), we lifted the stay in this appeal and asked the parties to comment on whether summary action was appropriate and how the decision in <u>Glass</u> affects this appeal. We have reviewed the parties' responses and have determined that summary affirmance is warranted. <u>See</u> Third Circuit L.A.R. 27.4 and I.O.P. 10.6.

## II.

We now consider whether Rutherford's motion could be properly considered as a habeas corpus petition under § 2241. We have held that "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam) (quoting § 2255(e)). One narrow and rarely applied exception is when "an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review." <u>See</u> <u>Bruce v. Warden, Lewisburg USP</u>, 868 F.3d 170, 179 (3d Cir. 2017) (citing <u>In re Dorsainvil,</u> 119 F.3d 245, 251-52 (3d Cir. 1997)).

We have not decided whether § 2241 is appropriate for bringing a claim that one is "innocent" of career offender status. <u>See generally</u> <u>United States v. Doe</u>, 810 F.3d 132, 160-61 (3d Cir. 2015). We need not make that determination here, because even assuming that § 2241 is the proper vehicle for challenging one's career offender status, Rutherford's challenge fails on the merits.

4

Rutherford's argument, like that of the defendant in Glass, is that his conviction under § 78-113(a)(30) is not categorically a "controlled substance offense" under § 4B1.2 of the sentencing guidelines, because there is a mismatch between the elements of § 780-113(a)(30) and the definition in § 4B1.2. Both argued that § 780–113(a)(30) is categorically broader than the analogous Guidelines elements, because it prohibits "delivery" of a controlled substance, which could include a mere offer to sell.[2] Glass and Rutherford both cited United States v. Hinkle, 832 F.3d 569, 575-76 (5th Cir. 2016), cert. denied, 138 S. Ct. 1453 (2018), in which the court held that because the Texas statute in question criminalized "delivery," which included a mere offer to sell the drug, the Texas statute "swept beyond § 4B1.2(b)." See Glass, 904 F.3d at 322. However, we rejected Glass's argument "that a mere offer to sell drugs is impliedly included in § 780-113(a)(30)." Id. We stated that we were "confident concluding that § 780-113(a)(30) is not broader than the Guidelines' definition of a 'controlled substance offense.'" Glass, 904 F.3d at 323.

Rutherford argues that our decision in Glass does not foreclose relief in his case, because he has another argument: one can violate the Pennsylvania statute by delivering a "device," and that Pennsylvania defines the word "device" in ways that such an offense

---

[2] Section 780-113(a)(30) prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance . . . or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance." Section 4B1.2 defines a controlled substance offense as "the manufacture, import, export, distribution, or dispensing of a controlled substance," or a conviction of possession "with intent to manufacture, import, export, distribute or dispense." U.S.S.G. § 4B1.2(b). Notably, § 4B1.2 does not include the term "delivery."

could not be prosecuted under federal law. First, Rutherford did not raise this argument in the District Court, so it is waived. See Ziccardi v. City of Phila., 288 F.3d 57, 65 (3d Cir. 2002). But even if he had raised it, it is irrelevant. Rutherford was convicted of possession with intent to deliver a controlled substance, not delivery of a "device."

In sum, as the District Court concluded, Rutherford has not shown that he can use § 2255's safety valve. Thus, we will summarily affirm the Court's decision to the extent that Rutherford sought to proceed under § 2241.