DLD-273                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1906
_____

MARIO ANTON LEE,
                                    Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-19-cv-00235)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit L.A.R .27.4 and I.O.P. 10.6
September 5, 2019
Before:  JORDAN, GREENAWAY JR. and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 24, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Mario Anton Lee appeals the District Court's order dismissing his petition under 28 U.S.C. § 2241. For the reasons detailed below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2001, after a trial in the United States District Court for the Northern District of Alabama, a jury found Lee guilty of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), and three counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). See N.D. Ala. Cr. A. No. 2:00-cr-00347. The District Court sentenced Lee to a total term of 105 years' imprisonment. Lee appealed, and the Eleventh Circuit affirmed. See 11th Cir. C.A. No. 01-13194. Lee then filed a motion under 28 U.S.C. § 2255. The District Court denied the motion on the merits, and the Eleventh Circuit denied Lee's request for a certificate of appealability. See 11th Cir. C.A. No. 06-16103. Lee has continued to attack his criminal judgment in the Northern District of Alabama, to no avail.

At issue in this appeal is a petition under 28 U.S.C. § 2241 that Lee filed in the Middle District of Pennsylvania, his district of incarceration (at that time), challenging his conviction in the Northern District of Alabama. More specifically, he claimed that he had been sentenced beyond the term authorized by the United States Sentencing Guidelines and in contravention of the Supreme Court's decision in Apprendi v. New

2

Jersey, 530 U.S. 466 (2000).[1]  Approving and adopting a Magistrate Judge's report and recommendation, the District Court dismissed the petition, concluding that Lee could raise his claims only, if at all, in a motion under 28 U.S.C. § 2255.

Lee filed a notice of appeal.  He also presents motions to be released on bail, for appointment of counsel, and to prevent his transfer.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's legal conclusions.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).[2]

We agree with the District Court's disposition of this case.  As we have previously explained, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]"  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  "[U]nder the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court."  Cradle, 290 F.3d at 538 (quoting § 2255(e)).

This exception is narrow and applies in only rare circumstances.  See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).  In In re Dorsainvil, 119 F.3d 245, 251–52 (3d Cir. 1997), we recognized that the exception could apply where an

---

[1] Lee also filed a second § 2241 petition that was separately docketed in the District Court.  His appeal from the decision in that case has been docketed in C.A. No. 19-1907.

[2] Lee does not need to obtain a certificate of appealability to proceed with this appeal. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177 (3d Cir. 2017).

intervening change in the law decriminalized the conduct for which the petitioner had been convicted. See also Cordaro v. United States, No. 18-1022, -- F.3d --, 2019 WL 3542904, at *5 (3d Cir. Aug. 5, 2019) (explaining that this exception applies if "the prisoner has had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate" (quoting Bruce, 868 F.3d at 180)).[3]

Lee argues that this exception applies, but we disagree. In his § 2241 petition, Lee focused primarily on his argument that the District Court had violated Apprendi by making findings of fact about the quantity and type of drugs involved in his offenses. However, we have explicitly held that "§ 2255 [i]s not inadequate or ineffective for [a prisoner] to raise his Apprendi argument." Okereke, 307 F.3d at 121; see also Gardner v. Warden Lewisburg USP, 845 F.3d 99, 103 (3d Cir. 2017). Moreover, while Lee also challenges his sentence under the Sentencing Guidelines, he could have raised these arguments on direct appeal or in his initial § 2255 motion, so he cannot pursue these claims via § 2241. See In re Dorsainvil, 119 F.3d at 251–52; see also Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam) (holding that § 2241 petitioner could not raise issues that "either had been, or could have been, decided in his previous habeas action").

Accordingly, we will summarily affirm the District Court's judgment. Lee's motions for appointment of counsel, release on bail, and to prevent transfer are denied.

---

[3] Section 2255 is not "'inadequate or ineffective' so as to enable a . . . petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Okereke, 307 F.3d at 120 (quoting In re Dorsainvail, 119 F.3d at 251).

4

See generally 18 U.S.C. § 3006A(a)(2); <u>Landano v. Rafferty</u>, 970 F.2d 1230, 1239 (3d Cir. 1992); Fed. R. App. P. 23(b).[4]  To the extent that Lee requests any additional relief, it is denied.

---

[4] As Lee has already been transferred to Hazelton USP in West Virginia, his request to prevent transfer is moot.  Putting aside whether that transfer violated Fed. R. App. P. 23, as Lee asserted it would, the transfer does not divest us of jurisdiction to review the District Court's decision.  <u>See</u> <u>Barden v. Keohane</u>, 921 F.2d 476, 477 n.1 (3d Cir. 1990).