CLD-027                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2392
_____

DENNIS A. CHAMPAGNE, JR.,
Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-16-cv-01122)
District Judge:  Honorable Robert D. Mariani

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 31, 2019
Before:  JORDAN, KRAUSE, and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 6, 2019)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Dennis Champagne, Jr., a federal prisoner proceeding in forma pauperis, appeals from the District Court's order denying his habeas corpus petition filed pursuant to 28 U.S.C. § 2241. For the reasons discussed below, we will summarily affirm.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. In 1997, following a jury trial in the United States District Court for the Middle District of Florida, Champagne was convicted of witness tampering murder, in violation of 18 U.S.C. § 1512(a)(1)(C), witness retaliation murder, in violation of 18 U.S.C. § 1513(a), and conspiracy to commit murder. See M.D. Fl. Crim. No. 6:96-cr-00007-GKS-1.

The evidence at trial showed that Champagne was paid by members of a human trafficking organization to murder Brewster Bullard because Bullard was cooperating with authorities in a criminal investigation of the organization. Champagne killed Bullard in November 1993. At that time, Bullard had already provided incriminating information about the trafficking organization to local authorities, who were investigating potential state and federal crimes along with the Federal Bureau of Investigation ("FBI"), the Internal Revenue Service ("IRS"), and the United States Postal Service. Prior to Bullard's murder, the IRS had sent a notice of its investigation to members of the trafficking organization. The investigation ultimately led to a federal criminal

2

prosecution on racketeering charges against various members of the trafficking organization, including the individuals who had paid Champagne to murder Bullard.

Champagne's conviction was affirmed on direct appeal, but the matter was reversed and remanded with instructions for the district court to clarify the sentence with respect to each offense. See 11th Cir. C.A. No. 97-2253. On remand, Champagne was sentenced to a term of life imprisonment for the § 1512(a)(1)(C) offense, a concurrent term of life imprisonment for the § 1513(a) offense, and a concurrent term of five years' imprisonment for the conspiracy offense. Champagne then filed a 28 U.S.C. § 2255 motion to vacate sentence, which was denied. In 2003, The Eleventh Circuit denied Champagne's request for a certificate of appealability. See 11th Cir. C.A. No. 03-11370.

At issue in this appeal is a petition under 28 U.S.C. § 2241 that Champagne filed in 2016 in the Middle District of Pennsylvania—his district of incarceration[1]—challenging his conviction in the Middle District of Florida. In adopting the Magistrate Judge's Report and Recommendation, the District Court determined that Champagne claimed that he was innocent of his § 1512 conviction in light of Fowler v. United States, 563 U.S. 668 (2011). The District Court concluded that it had jurisdiction and denied the petition on the merits. The District Court also denied Champagne's motion for appointment of counsel. This appeal ensued.

II.

---

[1] See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) (explaining the general rule that habeas jurisdiction lies in the district of confinement).

We have jurisdiction, pursuant to 28 U.S.C. §§ 1291 and 2253(a), over Champagne's appeal from the District Court's order denying his § 2241 petition. See Cordaro v. United States, 933 F.3d 232, 241 (3d Cir. 2019); Bruce v. Warden Lewisburg USP, 868 F.3d 170, 183 (3d Cir. 2017).[2] "Since the District Court did not hold an evidentiary hearing, our review is plenary." Cordaro, 933 F.3d at 241. We may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

III.

The District Court properly exercised jurisdiction, under 28 U.S.C. § 2241, over Champagne's claim that he is innocent of the § 1512(a)(1)(C) offense.[3] As we have previously explained, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). "[U]nder the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle v.

---

[2] Champagne does not need to obtain a certificate of appealability to proceed with this appeal. See Bruce, 868 F.3d at 177.

[3] We follow our cases which have considered this inquiry to be jurisdictional. See Cordaro, 933 F.3d at 240 n.2 (following this approach while noting "that our Court has not analyzed whether [the inquiry] is jurisdictional").

United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam) (quoting § 2255(e)).

In Bruce, we determined that the "inadequate or ineffective" exception applies to a federal inmate who presents an actual innocence theory based on a "a change in statutory caselaw that applies retroactively in cases on collateral review," so long as that inmate "had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." 868 F.3d at 179–80. More specifically, Bruce held that the exception applied to an actual innocence challenge, based on the Supreme Court's Fowler decision, to a conviction for witness tampering murder under § 1512(a)(1)(C). See Bruce 868 F.3d at 181 (explaining that, in Fowler, the Supreme Court "interpreted the witness tampering murder statute in a manner that gave the statute a narrower reach than that previously permitted by our Circuit precedent").

Here, Champagne presents the same challenge to his § 1512(a)(1)(C) conviction, and, like the petitioner in Bruce, "he had no opportunity to test the legality of his detention under Fowler" because Fowler was not decided until 2011—after Champagne's conviction became final, and after the denial of his § 2255 motion. Id. at 181. Thus, the District Court properly exercised jurisdiction over this claim pursuant to § 2241. See id. at 183.

5

We also agree with the District Court's determination that Champagne's claim is meritless.[4]  "[A]ctual innocence claims under § 2241 are to be initially tested against the more relaxed (but still stringent) actual innocence gateway standard," which requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Bruce, 868 F.3d at 184 (quotation marks and citations omitted).  Champagne does not challenge the first three elements of his conviction for witness tampering murder, namely that: (1) he "killed or attempted to kill a person; (2) [he] was motivated by a desire to prevent the communication between that person and law enforcement authorities concerning the commission or possible commission of an offense; and (3) that offense was actually a federal offense."  Id.; see also 18 U.S.C. § 1512(a)(1)(C).

Champagne challenges the fourth element, which, after Fowler, requires the Government to prove "a *reasonable likelihood* that the person whom the defendant believes may communicate with law enforcement *would in fact* make a relevant communication with a federal law enforcement officer."  Bruce, 868 F.3d at 184.  As we have explained, "[t]he Government need only show that the likelihood of communication to a federal officer was more than remote, outlandish, or simply hypothetical.  This is a relatively low bar."  Id. at 185 (quotation marks and citations omitted).  Of course, "the

_____

[4] The District Court properly denied Champagne's motion for appointment of counsel. See generally 18 U.S.C. § 3006A(a)(2).

Government's low bar is . . . a high hurdle" for a habeas petitioner such as Champagne. Id. He cannot clear that hurdle here.

Champagne was hired to murder Bullard by members of an interstate human trafficking organization who had received notice of an ongoing federal investigation. The existence of a federal investigation prior to Bullard's murder, and the subsequent investigation which resulted in a federal prosecution, "is probative evidence of the likelihood that [Bullard] would have eventually communicated with a federal officer." Id. at 186. Under these circumstances, any reasonable juror would conclude that, had Bullard survived, the likelihood that he would have communicated with a federal officer was more than remote, outlandish, or simply hypothetical. Thus, a reasonable juror could convict Champagne of witness tampering murder, and his challenge to the § 1512(a)(1)(C) conviction fails.[5]

For the foregoing reasons, we will affirm the District Court's judgment.

---

[5] Upholding Champagne's conviction for the § 1512(a)(1)(C) offense will result in affirming one of his concurrent life sentences. Thus, to the extent that Champagne's petition could be read to also include a challenge to his conviction for the § 1513(a) offense, we "decline to address" any such challenge "in light of the concurrent sentence doctrine." Gardner v. Warden Lewisburg USP, 845 F.3d 99, 103 (3d Cir. 2017) (applying concurrent sentence doctrine to decline review of some claims in the context of a habeas petition filed pursuant to §§ 2241 and 2255(e)). As Champagne was sentenced to a concurrent term of life imprisonment for the § 1513(a) offense, our review of any challenge to that offense could not alter the term of his imprisonment. See id. (citing United States v. Ross, 801 F.3d 374, 381 (3d Cir. 2015)).