**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 19-2641

EUGENE DAVIS,
Appellant

v.

WARDEN ALLENWOOD FCI

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-17-cv-00968)
District Judge: Hon. A. Richard Caputo

Argued March 31, 2020

Before: GREENAWAY, JR., PORTER, and MATEY, *Circuit Judges*.

(Opinion filed: June 24, 2020)

Frederick W. Ulrich [ARGUED]
Office of Federal Public Defender
100 Chestnut Street
Suite 306
Harrisburg, PA 17101
          *Counsel for Appellant*

David J. Freed
Melissa A. Swauger [ARGUED]
Office of United States Attorney
Middle District of Pennsylvania
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108
    *Counsel for Appellee*

---

OPINION[*]

---

MATEY, *Circuit Judge.*

Eugene Davis petitioned under 28 U.S.C. § 2241 challenging his Armed Career Criminal Act ("ACCA") sentence enhancement. The District Court dismissed his petition for lack of jurisdiction. We will affirm.

## I. BACKGROUND

In 2009, Davis pleaded guilty in the United States District Court for the Northern District of Iowa to unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The District Court determined that Davis's three prior convictions for burglary under Iowa law qualified as "violent felonies" under the ACCA. *See* 18 U.S.C. § 924(e). That increased the penalty for his § 922(g)(1) conviction from no more than 120 months' imprisonment to at least 180 months. The District Court ultimately imposed a sentence of 210 months, a decision later affirmed on direct appeal.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

In 2012, Davis challenged his sentence under 28 U.S.C. § 2255, asserting ineffective assistance of counsel. The District Court denied that motion and declined to grant a certificate of appealability. In 2016, the United States Court of Appeals for the Eighth Circuit denied Davis's request to file a successive § 2255 petition.[1]

Later in 2016, Davis again asked the Eighth Circuit for permission to file a successive § 2255 petition. This time, he directed the court to *Mathis v. United States*, 136 S. Ct. 2243 (2016), which held that convictions under Iowa's burglary statute did not qualify as "violent felonies" under the ACCA. But the Eighth Circuit denied his request, concluding that *Mathis* "did not announce a new rule of constitutional law." (App. at 70.) *See* 28 U.S.C. § 2255(h)(2); *cf. United States v. Peppers*, 899 F.3d 211, 230 (3d Cir. 2018).

In 2017, Davis petitioned the United States District Court for the Middle District of Pennsylvania[2] for a writ of habeas corpus under § 2241, once again relying on *Mathis* to challenge his ACCA sentence enhancement. The District Court dismissed the petition for lack of jurisdiction, and Davis timely appealed.[3]

---

[1] That request relied on *Johnson v. United States*, in which the Supreme Court held that ACCA's residual clause was unconstitutionally vague. 135 S. Ct. 2551, 2557 (2015).

[2] Although § 2255 petitions are filed with the sentencing court, § 2241 petitions are filed in the district of confinement. *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017). As a result, Davis's § 2255 petition was filed in the United States District Court for the Northern District of Iowa (the court that sentenced him), and his § 2241 petition was filed in the United States District Court for the Middle District of Pennsylvania (where he was confined).

[3] "The District Court had the power to ascertain its own jurisdiction, and we have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's order denying [Davis's] petition for lack of jurisdiction." *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 102 (3d Cir. 2017).

## II. DISCUSSION

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). But they are not the *exclusive* means, because a prisoner may petition for a writ of habeas corpus under § 2241 if § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

We considered the language of this "safety-valve" clause in *In re Dorsainvil*, a case involving a petitioner convicted of violating 18 U.S.C. § 924(c)(1). 119 F.3d 245, 246, 249 (3d Cir. 1997). There, the petitioner challenged his sentence under § 2255, asserting ineffective assistance of counsel and double jeopardy, but that motion was denied. *Id.* at 246. After the Supreme Court later narrowed the scope of § 924(c)(1), the petitioner asked for permission to file a successive § 2255 petition based on that decision. *Id.* at 246–47. We denied the request, but noted that "under narrow circumstances, a petitioner in [this] uncommon situation"—i.e., a petitioner "claim[ing] that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision," with "no other avenue of judicial review available" to "challenge his conviction"—may use the safety-valve clause of § 2255 to challenge his conviction under § 2241. *Id.* at 248, 251–52.

Davis's petition does not fall into these "narrow circumstances." He is challenging neither his conviction under § 922(g)(1), nor his Iowa burglary convictions. Instead, he claims to be no longer eligible for the fifteen-year mandatory minimum sentence under 18 U.S.C. § 924(e). But that provision is only "a sentence enhancement . . . and does not create

4

a separate offense." *United States v. Mack*, 229 F.3d 226, 231 (3d Cir. 2000).[4] And we have never applied *Dorsainvil* to "issues that . . . arise regarding sentencing." *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 103 (3d Cir. 2017).[5]

### III. CONCLUSION

Section 2255(e) does not permit Davis to challenge his sentencing enhancement under § 2241. So we will affirm the dismissal of Davis's petition.

---

[4] *Cf. United States v. Abbott*, 574 F.3d 203, 211 n.5 (3d Cir. 2009) (noting that 18 U.S.C. § 924(c)—the statute at issue in *Dorsainvil*—"defines a separate offense").

[5] *See Gardner*, 845 F.3d at 102–03 (no jurisdiction over petition alleging that a judge found facts that increased the mandatory minimum sentence, in violation of *Alleyne v. United States*, 570 U.S. 99 (2013)); *Okereke*, 307 F.3d at 120–21 (no jurisdiction over petition alleging that a judge found facts that increased the maximum sentence, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)); *see also Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538–39 (3d Cir. 2002) (per curiam) (no jurisdiction over petition alleging that the Government never notified petitioner of its intention to pursue enhanced recidivist sentence, in violation of 21 U.S.C. § 851). We note that *Dorsainvil*'s interpretation of § 2255 deviates from the textual conclusions reached by other courts. *See, e.g.*, *Prost v. Anderson*, 636 F.3d 578, 585 (10th Cir. 2011) (explaining that § 2255's safety-valve clause only "ensur[es] the prisoner an opportunity or chance to test his argument," with "no guarantee about outcome or relief," so that "[t]he ultimate result may be right or wrong as a matter of substantive law, but the . . . clause is satisfied so long as the petitioner had an opportunity to bring and test his claim"). But *Dorsainvil* and its progeny bind our analysis.