**BLD-086**                                                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2290
_____

DWIGHT LAMAR SPEARS,
Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-20-cv-01567)
District Judge:  Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 17, 2022

Before: MCKEE, GREENAWAY, JR., and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  March 15, 2022)
_____

OPINION*
_____

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Dwight Spears, a federal prisoner incarcerated in Pennsylvania, appeals pro se from the order of the United States District Court for the Middle District of Pennsylvania dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

By way of his § 2241 petition, Spears seeks to challenge his conviction and sentence imposed by the United States District Court for the District of South Carolina (D.S.C. No. 08-cr-00112). In 2008, a jury found Spears guilty of conspiracy to murder a federal law enforcement officer in violation of 18 U.S.C. § 115(a)(1)(A). The sentencing court imposed a term of 240 months imprisonment. Spears was subsequently resentenced to the same term after the United States Court of Appeals for the Fourth Circuit concluded that he should have been convicted under 18 U.S.C. § 1114.

In 2012, Spears filed a motion to vacate pursuant to 28 U.S.C. § 2255, which the South Carolina District Court denied. Both the sentencing court and the Fourth Circuit declined to issue a certificate of appealability. Spears filed an application for leave to file successive § 2255 motions in the sentencing court in 2020, attempting to challenge his conviction under 18 U.S.C. § 1114. The Fourth Circuit denied his application on the basis that some of his claims had already been considered, and the remaining claims were without merit.

2

In his instant habeas petition, filed in the Middle District of Pennsylvania, Spears contends that he is actually innocent because he was never indicted for a violation of § 1114 by a grand jury, and the indictment did not include the necessary elements of conspiracy to commit murder. He further contends that the sentencing court lacked subject matter and personal jurisdiction due to fatal defects in the indictment. The District Court dismissed the § 2241 petition, finding that because he was challenging the validity of his federal sentence, he was required to seek relief pursuant to § 2255, and he did not demonstrate that a § 2255 motion would be an inadequate or ineffective remedy.

Spears appeals. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

Motions under § 2255 are the presumptive means by which federal prisoners may collaterally challenge their sentences. See Davis v. United States, 417 U.S. 333, 343 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A habeas corpus petition brought by a federal prisoner under § 2241 accordingly "shall not be entertained" unless a § 2255 motion would be "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e). This exception, known as the "safety-valve clause," is narrow and applies "where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording [the

3

petitioner] a full hearing and adjudication of [the] wrongful detention claim." Cradle, 290 F.3d at 538; see In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997). We have found such circumstances to exist only in the rare situation where a petitioner has had no prior opportunity to challenge a conviction for actions subsequently deemed non-criminal by a retroactive change in law. See Cordaro v. United States, 933 F.3d 232, 239 (3d Cir. 2019).

Spears has not made such a showing. As the District Court noted, he has not alleged any change in statutory interpretation that would render his conduct non-criminal. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017). He contends only that he is actually innocent and that the courts within the Fourth Circuit have obstructed all other means of recourse. Contrary to his contentions, Spears is not entitled to obtain relief via a § 2241 petition merely because his § 2255 motion was unsuccessful. See Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102 (3d Cir. 2017). He had an opportunity to raise the instant claims in his initial § 2255 motion and he therefore cannot benefit from § 2255(e)'s safety-valve provision. Cf. Dorsainvil, 119 F.3d at 251.

In light of the foregoing, the District Court properly dismissed the § 2241 petition for lack of jurisdiction. We accordingly find that the appeal presents no substantial question, and we will summarily affirm the District Court's order.

4