**ALD-137**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1479
_____

JAMES L. GLOVER,
                                        Appellant

v.

CITY OF PHILADELPHIA; CITY OF PHILADELPHIA LAW DEPARTMENT;
UNKNOWN CITY EMPLOYEES; CPOC
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-00786)
District Judge:  Honorable Kai N. Scott
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 13, 2024

Before: HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: July 2, 2024)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

In February 2024, James Glover, who lives in the City of Philadelphia ("City"), filed a pro se habeas petition in the District Court pursuant to 28 U.S.C. § 2241, claiming that he had been unlawfully banned from certain City buildings. Shortly thereafter, the District Court dismissed the petition for lack of habeas jurisdiction because Glover "is not in custody, does not seek release from custody, and does not mention a conviction or pending charges against him on which he is out on bail." Dist. Ct. Dkt. No. 5, at 2 n.1. The District Court noted that this dismissal was without prejudice to Glover's ability to raise his claims in a civil action filed pursuant to 42 U.S.C. § 1983. This timely appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, see G.W. v. Ringwood Bd. of Educ., 28 F.4th 465, 468 & n.2 (3d Cir. 2022), and our review is plenary, see Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102 (3d Cir. 2017). For substantially the reasons provided by the District Court, we agree with its decision to dismiss Glover's petition for lack of habeas jurisdiction. As the District Court indicated, that dismissal does not prevent him from raising his claims in a § 1983 action.[1] Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. I.O.P. 10.6.

---

[1] We take no position on the merits of such an action.

2